Crouch *v.* Hall.

DAVID CROUCH, Appellant, *v.* JOHN HALL, Appellee.

APPEAL FROM SANGAMON.

The liability of an assignor of a note assigned in the State, will be governed by our laws.

To excuse a want of diligence, by suit against the maker of a note, the declaration should show why a suit would have been unavailable.

On a common law question, the courts of one State will assume that the common law is in force in a sister State.

At common law, want of consideration is a good defence to a note in the hands of the payee, or an indorsee, after maturity.

THIS cause was heard before DAVIS, Judge, at November term, 1853, of the Sangamon Circuit Court. The opinion furnishes a statement of the case.

S. T. Logan, for appellant.

J. C. Conkling, for appellee.

Treat, C. J.  This was an action of debt, brought by Hall against Crouch.  The first count of the declaration alleged in substance, that H. and A. Crouch made a promissory note to the defendant, bearing date the 16th of September, 1837, and payable on the 20th of October, 1838; that the note was assigned by the defendant to McCoy, on the 22d of September, 1841, and by McCoy to the plaintiff, on the 10th of May, 1851; that the note was executed in the State of Kentucky, where the makers then, and ever since, have resided, and that the assignments were made in this State; whereby the defendant became liable to pay the plaintiff the amount of the note.  The second count was like the first, with the additional averment, that from the maturity of the note to the commencement of this action, the institution of a suit against the makers would have been unavailing.  The third count was similar to the first, with an additional averment, that the note was made without any consideration whatever.  The court sustained a demurrer to the first and second counts, and overruled a demurrer to the third count. The defendant abided by his demurrer, and the plaintiff had judgment for the amount due on the note.

The note having been assigned in this State, the liability of the assignor must be governed by our laws.  By the statute, there are three contingencies in which the assignor may be held liable.  1.  Where the assignee, by the exercise of due diligence, prosecutes the maker to insolvency.  2.  Where the institution of a suit against the maker would be unavailing.  3.  Where the maker has absconded or left the State, when the note falls due.  By the contract of assignment, the assignor undertakes to pay the note on the happening of either of these contingencies.  It is not pretended in this case, that the assignee has made use of any diligence by suit to obtain payment from the makers.  The second count of the declaration alleges, that the bringing of a suit against the makers would have been unavailing.  This averment is too general.  It ought to show why a suit would have been unavailable; as that the makers were insolvent, or there was no consideration for the note.  It should state the special cause, so that the assignor might come prepared to meet it.  Leaving this averment out of the case, the two first counts are precisely alike.  They seek to excuse the want of diligence, because the makers were non-residents of this State.  According to the ruling of this court in Schuttler *v.*

Piatt, 12 Ill. 417, if the note had been assigned before maturity, the assignee might have recourse against the assignor, without making any attempt in a foreign jurisdiction to coerce payment from the makers. But this is not such a case. The note was over due when the assignment was made, and the makers have never been within this State. The case is not within that clause of the statute which holds the assignor liable if the maker is not within the State when the note matures. The assignee received the note long after it was due, and when the contingency contemplated by that portion of the statute could never arise. The parties must, therefore, have contracted solely in view of the other provisions of the statute. The assignor assumed to pay the note, if it could not be collected by the use of due diligence, or if the bringing of a suit would prove unavailing. This, we doubt not, was the real understanding of the parties. It can hardly be supposed that the payee would assign the note under the circumstances, if the assignee could hold him liable, without first endeavoring to enforce payment from the makers, or showing that the effort would be ineffectual. In our opinion, the plaintiff must show that he has prosecuted the makers to insolvency, or that the institution of legal proceedings against them would have proved unavailable. It follows that the first and second counts were properly held bad on demurrer.

It is insisted that the third count is defective, because it fails to allege that a want of consideration is a good defence to the note by the laws of Kentucky. The note having been executed in that State, the liability of the makers is to be determined by its laws. If they can avail themselves of such a defence, the plaintiff has a good excuse for not suing upon the note. As a general principle, courts will not take judicial notice of the laws of another country, but they must be alleged and proved as facts. Especially is this the case as to the statutes and local usages of such country. But the rule is not without qualification. In the absence of all proof to the contrary, the common law is presumed to prevail in the States of the Union. On a common law question, the courts of one State will assume that the common law is in force in a sister State. Maxwell *v.* Maxwell, 1 Mass. 104; Legg *v.* Legg, 8 Ib. 99; Thurston *v.* Percival, 1 Pick. 415; Sherrill *v.* Hopkins, 1 Cowen, 103; Holmes *v.* Broughton, 10 Wend. 75; Abell *v.* Douglass, 4 Denio, 305; Stout *v.* Wood, 1 Blackf. 71; Titus *v.* Scantlings, 4 Ib. 89; Shepherd *v.* Neighbors, 6 Ala. 631; High's Appeal, 2 Doug. Mich. 515; Bernard *v.* Barry, 1 G. Greene, 383. By the common law, a want of consideration is a good defence to a note in the hands

of the payee, or an indorsee after maturity. The presumption here being that the common law prevails in Kentucky, the makers have a perfect defence to the note, and the bringing of a suit upon it would be useless and unnecessary. This count states a good cause of action against the defendant.

The judgment must be affirmed.

*Judgment affirmed.*