JOHN TINKLER

*v.*

MARY COX.

| 68 | 119 |
| 22a | 448 |
| 68 | 119 |
| 63a | 128 |
| 68 | 119 |
| 207 | ¹344 |

1. MARRIED WOMEN—*right to property purchased in another State and brought here.* Where a horse was purchased by a married woman in 1867, in the State of Indiana, where she and her husband then resided, and after their removal to this State, the husband sold the same: *Held*, in an action of replevin by the wife against the purchaser, that in the absence of proof to the contrary, it would be presumed that the common law was in force in Indiana at the time of her purchase, and that the title to the same was vested absolutely in the husband, and, being so vested, no act of our Legislature could divest his title, and therefore the wife could not recover.

2. LAWS OF OTHER STATES—*presumption in respect to.* The courts of this State will not take judicial notice of the statutes of other States

changing the common law, and, in the absence of proof to the contrary, will presume that the common law is in force in such States.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. J. B. KAGY, and Mr. B. B. SMITH, for the appellant.

Mr. W. W. WILLARD, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin for a horse, originally commenced before a justice of the peace of Marion county, by Mary Cox, against John Tinkler, and taken by appeal by the defendant to the circuit court of that county. In that court the plaintiff recovered a judgment, to reverse which the defendant appeals.

It is established by the testimony, that the plaintiff, in 1867, then and yet a married woman, purchased the horse with her own means, in the State of Indiana, and removed with her husband, Alfred Cox, to this State, with the property in question. Her husband mortgaged the horse to the defendant. The mortgage was given to secure the payment of a note which defendant had signed as security for Cox. Defendant claimed that in January, 1872, in consideration that he paid this note, together with the note he himself executed to Cox for fifty dollars, the absolute title to the horse should be in him, and Cox thereafter brought the horse to defendant's house and delivered it to him.

It was proved by several other witnesses, that Cox repeatedly said, he had sold the horse to defendant.

The claim of the plaintiff, Mrs. Cox, is based entirely upon the ground that this horse was her separate property, free from the control of her husband. There is much evidence tending to show this disposal of the horse was made by her husband with her full assent and approbation. But be that

as it may, the proof is, Mrs. Cox purchased the horse in the State of Indiana, but it is not proved, as it might have been if the law was so established in that State, that by the laws of that State property so purchased became the separate property of the wife, free from the control of her husband.

In the absence of such proof, we must presume that the common law was in force in 1867, at the time Mrs. Cox purchased the horse, and, so presuming, by that law the title to the property became vested absolutely in her husband ; being so vested in the husband, by no act of our legislature could his title be divested. *Dubois* v. *Jackson,* 49 Ill. 49, is in point.

The judgment is reversed and the cause remanded.

*Judgment reversed.*