## Robert Dempster v. Matilda Stephen and Frederick Stephen, her husband.

1. MARRIED WOMEN—*Right to Recover Rents for Lands in Canada.*—A married woman can not recover, in the courts of this State, rents for real property in Canada, without showing that she has a legal right to such rents by the laws of that province.

2. SAME—*Right to Rents at Common Law.*—At common law the husband alone had the right to sue for and recover the rents of the lands of his wife.

3. COMMON LAW—*Presumption as to Where it Prevails.*—In the absence of all proof to the contrary, the common law is presumed to prevail in the province of Canada.

4. JUDICIAL NOTICE—*Of the Laws of Another Country.*—Courts will not take judicial notice of the statutes and local usages of another country.

**Action for Rent.**—Error to the County Court of Madison County, Ill.; the Hon. WILLIAM P. EARLY, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

WISE & McNULTY, attorneys for plaintiff in error.

On the common law questions the courts of this State will presume the common law to be in force in sister States, or in foreign States where the system of jurisprudence is derived from the same source as our own. Crouch v. Hall, 15 Ill. 263; Tinkler v. Cox, 68 Ill. 119; 19 Am. & Eng. Ency. of Law, p. 46, par. 10, title " Presumptions;" Meyer v. McCabe, 73 Mo. 236; Cressy v. Tatom, 9 Or. 541; Seyfort v. Edison, 45 N. J. L. 393; Bradley v. Hardin, 73 Ala. 70; Connor v. Trawrict, 37 Ala. 289; Rodgers v. Cook, 86 Ind. 237; Carpenter v. Grand Trunk R. R., 72 Me. 388; Ellis v. Maxson, 19 Mich. 186; Robards v. Marley, 80 Ind. 185.

The common law being presumed to be in force in Canada the wife can not maintain this suit. 2 Kent's Commentaries, star page 130.

BURROUGHS & BRO., attorneys for defendants in error.

In the absence of proof showing that by the laws of

Dempster v. Stephen.

Canada the wife would be entitled to the rents and profits of her land, the common law will prevail and the rents and profits will go to the husband; hence the amendment by joining the husband was correctly made. Tinkler v. Cox, 68 Ill. 119.

The courts of this State will not take judicial notice of the statutes of other States, changing the common law, and in absence of proof to the contrary, will presume that the common law is in force in such State. Tinkler v. Cox, 68 Ill. 119; Crouch v. Hall, 15 Ill. 263.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought by Matilda Stephen against plaintiff in error, to recover rent for real property in Canada, owned by her in fee. She was then married to Frederick Stephen, and was his wife when she brought the suit and when the cause was tried. By agreement the cause was tried by the court, who found for the plaintiff, and the defendant entered his motion for a new trial, which the court overruled, and entered judgment for plaintiff upon the finding for $476.12 damages, and for her costs of suit. Thereupon defendant took this appeal.

The record shows that after the court had heard the evidence, and taken the cause under advisement, the plaintiff was permitted, on her motion, to amend the declaration by joining Frederick Stephen, husband of plaintiff, as plaintiff, and without imposing any terms, as asked for by defendant. This action of the court, and several other errors, are assigned as reasons for reversal. The vital objection to the judgment is, that under the evidence, the plaintiff, Mrs. Matilda Stephen, could not legally recover for the cause of action set up in the declaration, and for which judgment in her favor was entered.

The rent sued for was due for property in Canada, and no law of that province having been introduced in evidence to show that she had the legal right to collect the rent, at common law the husband alone had the right to sue for and

recover it. In the absence of all proof to the contrary, the common law is presumed to prevail in the Province of Canada, and courts will not take judicial notice of the laws of another country as to the statute and local usages of such country. Crouch v. Hall, 15 Ill. 264. If the wife at the time of the marriage be seized of an estate of inheritance in land, the husband, upon the marriage, becomes seized of the freehold, and he takes the rents and profits during their joint lives. During the continuance of the life estate of the husband, he sues in his own name for an injury to the profits of the land. 2 Kent's Com., 131; Clapp v. Houghton, 10 Pick. 463; Hanchett v. Rice, 22 Ill. App. 446.

The same principle, in respect of the common law as applied to personal property, is held in Tinkler v. Cox, 68 Ill. 119, a case where a married woman owned a horse in Indiana and moved into this State with her husband, bringing the horse with them, and he afterward mortgaged the horse and placed it in possession of the mortgagee. She brought replevin and the court held that she could not recover, saying: "The point is, she purchased the horse in Indiana, but it is not proved by the laws of that State, property so purchased became the separate property of the wife, free from the control of the husband. In the absence of such proof, we must presume the common law was in force at the time the wife bought the horse, and so presuming, by that law the title of the property became vested absolutely in the husband. Being so vested in him, by no act of our legislature could his title be divested."

The holding by the court on behalf of plaintiff, Mrs. Stephen, as to the effect of the written promise by defendant to pay her the rent, within the period of five years before suit was brought, might have been proper, if under the law and evidence she had the right to collect the rent; otherwise it was error to so hold.

In our opinion, there being no proof of the laws of Canada, the place where the contract for renting was made, whereby the wife was given the right to collect for herself, rent of her separate estate, the common law must be held

to have prevailed there at and during the time said rent accrued, and the husband alone could sue for and collect the same. Hence the finding and judgment for Mrs. Stephen, under the proof, was error. So holding, it is superfluous to lengthen this opinion by commenting upon other errors assigned.

The judgment is reversed and cause remanded.