# William H. Stockham, Impleaded, etc., v. John J. Simmons.

1. STATUTES OF OTHER STATES—*Must be Pleaded.*—The courts of this State do not take judicial notice of the statutes of other States, and when a party relies upon such a statute he must plead it, and its terms so far as relied upon must be set forth.

. 2. PRACTICE—*Mistake in an Affidavit, When Objectionable.*—A copy of an affidavit asking to have a suit placed upon the short cause calendar need not be served with the notice required by the statute, and a mistake in such an affidavit so served, is not ground for complaint, unless some one has been injured thereby.

**Assumpsit,** on a promissory note. Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

RANDALL W. BURNS and LEON L. LOEHR, attorneys for plaintiff in error; RICH & STONE, of counsel.

HECKMAN & ELSDON, attorneys for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The defendant in error sued the plaintiff in error upon a promissory note made by the plaintiff in error, and Adele A. and Bird Bickford. The Bickfords were not served with summons. The plaintiff in error pleaded that the note was executed and delivered in Indiana; that the plaintiff in error was only surety for Adele, as the defendant in error knew at the time, and that " by the laws of the State of Indiana, and by force of the statutes of Indiana in such case made and provided, to wit, sections 738–9 of the Revised Statutes of 1881, or Burns' Indiana Statutes, sections 1212, 1213, the property of a surety upon a note or contract can not be held liable for the debt until after the property of his principal shall have been exhausted by legal process; that this defendant, William H. Stockham, before and after the commencement of this suit duly notified and requested the

said plaintiff to take legal proceedings against his said principal, Adele Bickford, and to exhaust her property before taking proceedings against him for the collection of said note."

The argument that this plea is of any avail under Sec. 1, Ch. 132, Sureties, R. S., must be an afterthought. It does not state, as that statute requires, that the request was "by writing."

Waiving the question whether the Indiana statute affects the right or only the remedy, the plea does not state facts, but inferences. 1 Ch. Pl., 196, Ed. 1828.

What can or can not be done by the statute of another State, is a conclusion from the terms of the statute, and to claim any right under such statute, it must be set out. Hoyt v. McNiel, 13 Minn. 390, original edition; 362 Gilfillan edition, and cases there cited.

A demurrer was rightly sustained to the plea. The case was tried, against the exception of the plaintiff in error, upon a "short cause calendar." The objection to such trial was, that the date of the jurat to the affidavit for placing it there, was wrongly stated in the copy served with the notice, upon the attorneys of the plaintiff in error.

The statute does not require that a copy of the affidavit shall be served with the notice.

Had anybody been misled by the mistake, a different question might be presented, but as there is no pretense of that, the mistake was unimportant.

The judgment in favor of the defendant in error is affirmed.