## Nicholas Schlee v. Joseph Guckenheimer.

1. GAMBLING CONTRACTS—*Made in This State.*—A contract void under Section 130 of the Criminal Code (Hurd's Statutes, 1898, 571), although made in another State and valid where made, will not be enforced by the courts of this State.

2.  LEX LOCI CONTRACTUS—*Exceptions to the Rule.*—While it is true, however, that one State or Nation will recognize and execute the laws of another, through comity, yet the principle of comity does not permit the enforcement of foreign laws which are prejudicial to the interests of the State where they are sought to be enforced.

3.  CONTRACTS—*Made in Another State—When Not Enforceable Here.* —A contract made in one State will not be enforced in another, when to do so would contravene the law of the latter State, or would be against the express prohibition of its laws.

4.  COMITY—*Between Different States—What it Requires.*—Comity between different States does not require a law of one State to be executed in another when it would be against the public policy of the latter State.

5.  SAME—*Contracts Injurious to the Welfare of the People.*—No State is bound to recognize or enforce contracts which are injurious to the welfare of its people, or which are in violation of its own laws.

**Assumpsit.**—Option contract.  Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Judgment for defendant on demurrer to declaration.  Plaintiff appeals.  Heard in this court at the March term, 1898.  Affirmed.  Opinion filed July 21, 1898.

JOHN S. COOK and H. T. HELM, attorneys for appellant.

The contract sued upon was made and to be performed in the State of Ohio and was valid there.   The contract was a valid common law contract.  Schneider et al. v. Turner, 130 Ill. 28.

On a common law question the courts of one State will assume that the common law is in force in a sister State. Crouch v. Hall, 15 Ill. 263, and cases cited.

It is averred in the count, and admitted by the demurrer that the "contract was a legal and a binding contract in the State of Ohio, where the same was entered into and where the same was to be executed."

Being a legal and binding contract in the State where made and where it was to be performed, the courts of the State will, upon the principle of interstate comity, enforce the "*lex loci contractus.*"   Bradshaw v. Newman, Beecher's Breese, 133; Stacy v. Baker, 1 Scam. (Ill.) 417; Sherman v. Gassett, 4 Gil. (Ill.) 521; Mineral Point R. R. Co. v. Barron, 83 Ill. 365; Woodward v. Brooks, 128 Ill. 222; Cox v. United States, 6 Peters (U. S.), 172; Duncan's Heirs v. United States, 7 Peters (U. S.), 435.

And this even if the contract sought to be enforced would, if executed or to be performed within the jurisdiction of the *lex fori*, be illegal and void and subject the makers to a penalty.    8 Am. & Eng. Ency. of Law, 1020; Hone v. Ammons, 14 Ill. 29; Phinney v. Baldwin, 16 Ill. 108; McAllister v. Smith, 17 Ill. 328; Roundtree v. Baker, 52 Ill. 241; Mumford v. Canty, 50 Ill. 370; Evans v. Anderson, 78 Ill. 558; Guignon v. Union Tr. Co., 156 Ill. 135; Nixon v. Halley, 78 Ill. 611; Kentucky v. Bassford, 6 Hill, 526; Thatcher v. Morris, 11 N. Y. 137; McIntyre v. Parks, 3 Met. 207; Commonwealth v. Aves, 18 Pick. 215; Greenwood v. Curtis, 6 Mass. 358; Hill v. Spear, 50 N. H. 253; Fuller v. Leet, 59 N. H. 163; Smith v. Brown, 2 Salk, 666; Hawley v. Bibb, 69 Ala. 52; Hubbard v. Sayre, 105 Ala. 440; Peet & Co. v. Hatcher, 112 Ala. 514; Case v. Riker, 10 Vt. 482; Hatch v. Hanson, 46 Mo. App. 323; Kling v. Fries, 33 Mich. 275; Roethke v. Phil Best Br. Co., Ib. 340; Webber v. Donnally, Ib. 468; Woodsen v. Owens, 12 So. Rep. 207; McKee v. Jones, 67 Miss. 405; Wood v. Wheeler, 111 N. C. 231; Atlantic Phos. Co. v. Ely, 82 Ga. 438; Sondheim v. Gilbert, 117 Ind. 71.

DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellee, contended that under Section 130 of the Criminal Code (Hurd's Statutes 1898, 571), whoever contracts to have or give to himself or another the option to sell or buy at a future time, any grain or other commodity, stock of any railroad or other company, or gold   *   *   *   shall be fined not less than $10, nor more than $1,000; or confined in the county jail not exceeding one year, or both, and that all the contracts made in violation of this section, are to be considered gambling contracts, and are void.

And that the contract although valid in the State where made can not be enforced in this State.

The general rule is, that the validity of a contract is to be governed by the law of the place where it is made.   Phinney v. Baldwin, 16 Ill. 108; Mumford v. Canty, 50 Id. 370. And in the application of this principle to notes, it is held that the laws of the State where a note is made, will govern

as to the defense, which can be set up as against the recovery thereon.   Evans v. Anderson, 78 Ill. 558; Anstedt v. Sutter, 30 Id. 164;  Yeatman v. Cullen, 5 Blackf. 240;  Trimbey v. Vignier, 1 Bing. New Cases, 151;  Woodruff v. Hill, 116 Mass. 310.

While it is true, however, that one State or Nation will recognize and execute the laws of another through comity, yet the principle of comity does not permit the enforcement of foreign laws which are prejudicial to the interests of the State where they are sought to be enforced.   A contract made in one State will not be enforced in another, when, to do so, would be to contravene the criminal laws of the latter State, or would be against the express prohibition of its laws.   Comity between different States does not require a law of one State to be executed in another when it would be against the public policy of the latter State.   No State is bound to recognize or enforce contracts which are injurious to the welfare of its people, or which are in violation of its own laws.   Mumford v. Canty, *supra;* Story on Conflict of Laws, Section 327; Faulkner v. Hyman, 142 Mass. 53; Hill v. Spear, 50 N. H. 253; Fisher v. Lord, 63 Id. 514.

In Chapin v. Drake, 57 Ill. 295, a draft assigned in payment of a gambling debt, was held void in the hands of a subsequent *bona fide* holder.   In Tenney v. Foote, 4 Brad. (Ill.) 594, it was held that the notes described in section 131 of the Criminal Code, included notes, the consideration of which, in whole or in part, arose out of the gambling transactions mentioned in section 130; and that a note, given for such differences as are hereinbefore described, was void under section 131.   The opinion of the Appellate Court in Tenney v. Foote, *supra,* was approved by this court in Tenney v. Foote, 95 Ill. 99; and the latter case has been since approved in Pearce v. Foote, 113 Ill. 228; see also, Cothran v. Ellis, 125 Ill. 496; Soby v. The People, 134 Id. 66.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The appellant sued appellee and his partner, William J. Meek, since deceased, on the following contract:

"COLUMBUS, O., September 12, 1887.

Sold

N. Schlee five cars of sample B barley at 62c a bushel, delivered Columbus, and five cars of sample C barley at 57c a bushel, delivered Columbus. Shipments October 10th and 15th. Terms cash. After these five sample cars of each grade have been received, weighed and examined and found satisfactory, Mr. Schlee has the privilege to order 10,000 bushels more of each grade same price, any time to December 31, 1887.

If the freight rate is less than 12c a hundred any time between Chicago and Columbus, Mr. Schlee to have the benefit of same. Cars to be loaded not less than 800 bushels.

I. BLUMENTHAL,

for MEEK & GUCKENHEIMER,

604 Rialto Building, Chicago, Ill."

The contract was made at Columbus, Ohio. It is averred in the declaration that the defendants, Meek and Guckenheimer, delivered to the plaintiff, and the plaintiff paid, in accordance with the contract, for the ten cars of barley above mentioned as "Sample B" and "Sample C." The breach alleged is, that although the plaintiff, November 15, 1887, and afterward, November 27, 1887, ordered and requested the defendants to deliver to him 20,000 bushels of barley, as by said contract they had agreed to do, the plaintiff being able, ready and willing to accept and pay for the barley, the defendants neglected and refused to deliver the same. The declaration contains two special counts on the contract, the first being against both defendants, and the second being an additional count against appellee alone, Meek, appellee's partner, having died after the filing of the first count.

Appellee demurred to the declaration, assigning, as special cause of demurrer, that the contract was in violation of section 130 of the Criminal Code. The court sustained the demurrer and gave judgment for appellee.

Section 130 of "An act to revise the law in relation to criminal jurisprudence," in force July 1, 1874, is as follows:

" Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain or other commodity, stock of any railroad or other company, or gold, or forestalls the market by spreading false rumors to influence the price of commodities therein, or corners the market, or attempts to do so in relation to any of such commodities, shall be fined not less than $10 nor more than $1,000, or confined in the county jail not exceeding one year or both; and all contracts made in violation of this section shall be considered gambling contracts, and shall be void."

By section 131 a note given on account of any such transaction as is mentioned in section 130 is void. Tenney v. Foote, 4 Brad. 594; approved on appeal, 95 Ill. 99; and also in Pope v. Hanke, 155 Ib. 617.

By section 136 it is provided that no assignment of any such note shall cut off the defense of illegality. The contract, if made in this State, would be clearly illegal, and no recovery could be made on it (Schneider v. Turner et al. 130 Ill. 28), and counsel for appellant do not contend the contrary.

It is averred in the declaration that the contract was legal and binding between the parties in the State of Ohio. Independently of this allegation, it will be presumed that the common law prevails in the State of Ohio (Crouch v. Hall, 15 Ill. 263), and as by the common law such contracts are valid (Schneider et al. v. Turner, 130 Ill. 28), appellant's counsel contend that the *lex loci contractus* must control, and that the contract will be enforced in this State. Appellant's counsel have made an elaborate and able argument in support of this contention, citing numerous authorities, but we think the decision in Pope v. Hanke, 155 Ill. 617, decisive as against appellant's contention, and feel bound by the decision in that case. In Pope v. Hanke the suit was on a note by an indorsee before maturity for a valuable consideration, and without notice of any illegality in the transaction out of which the note arose. In other words, the plaintiff was a *bona fide* purchaser of the note, before its maturity, for a valuable con-

Schlee v. Guckenheimer.

sideration.   The note was given to settle differences arising out of gambling transactions, and was made by one of the parties engaged in such transaction to the other, and was by the payee indorsed to the plaintiff.   Although by the law of Missouri the transactions out of which the note arose were illegal and such that neither party to the transaction could recover against the other on account of differences or balances in his favor, yet, by the law of Missouri, a note given for such differences would not be invalid in the hands of a *bona fide* purchaser of the note for a valuable consideration, before maturity, and the Supreme Court, in its opinion, concede that such was the law of Missouri, and that the plaintiff could recover on the note in that State. Nevertheless, the court, while recognizing the general rule that the validity of a contract is to be governed by the law of the place where it is made, held that there could be no recovery on the note in this State, saying:  "While it is true, however, that one State or Nation will recognize and execute the laws of another through comity, yet the principle of comity does not permit the enforcement of foreign laws which are prejudicial to the interests of the State where they are sought to be enforced.   A contract made in one State will not be enforced in another when to do so would contravene the law of the latter State, or would be against the express prohibition of the laws.   Comity between different States does not require a law of one State to be executed in another when it would be against the public policy of the latter State.   No State is bound to recognize or enforce contracts which are injurious to the welfare of the people, or which are in violation of its own laws," citing authorities.   We can not distinguish any difference in principle between the case cited and the present case.   The judgment will be affirmed.