## Theodore F. Crane v. James B. Blackman.

1. CONVEYANCE—*how construed.*  A deed conveying land situated in another state must be construed according to the laws of that state, notwithstanding both grantor and grantee therein named resided in Illinois.

2. JUDICIAL NOTICE—*of what not taken.*  Judicial notice is not taken of the statutes of another state; where relied upon they must be averred and proved.

3. SISTER STATE—*presumption as to law of.*  In the absence of anything to show the contrary, the presumption is that the common law rules prevail.

Action of covenant.  Error to the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding.  Heard in this court at the August term, 1905.  Affirmed.  Opinion filed March 22, 1906.

F. M. YOUNGBLOOD and D. M. KINSALL, for plaintiff in error.

CHOISSER, CHOISSER & KANE, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of covenant brought by plaintiff in error against defendant in error to the April term, 1904, of the Circuit Court of Saline County.

The declaration as amended charged that on June 14, 1898, defendant in error, James B. Blackman, by his deed of that date and to the court shown, for the consideration therein mentioned and other good and valuable considerations, did convey and warrant to one Mary E. Crane, her heirs and assigns, in fee simple, certain real estate in said deed mentioned; that said James B. Blackman and Olive J. Blackman, his wife, on the day named, made, executed and delivered to said Crane a deed in words and figures following, to wit:

" The grantors, James B. Blackman and Olive J. Blackman, his wife, of Harrisburg, in the county of Saline and State of Illinois, for and in consideration of one thousand dollars, in hand paid, convey and warrant to Mary E. Crane, of Harrisburg, county of Saline, State of Illinois, the fol-

lowing described real estate, to wit : Sections two (2) and eleven (11), in township twenty-three (23), range ten (10) east, situated in the county of Stoddard, in the State of Missouri, hereby releasing and waiving all right under and by virtue of the Homestead Exemption Laws of this State. Dated this 14th day of June, A. D. 1898."

That by force of said deed "the defendant, under the laws of the State of Missouri and under the laws of the State of Illinois, covenanted to and with plaintiff's testate for himself and his heirs as follows : and the defendant did by said deed for himself and his heirs and personal representatives, covenant to and with said Mary E. Crane, her heirs and assigns, amongst other things, that at the time of the making and delivery of said deed, said defendant was lawfully seized of an indefeasible estate in fee simple in and to the said real estate so conveyed by him and that he then had good right and full power to convey the same and that he would warrant and defend to the said Mary E. Crane, her heirs and assigns, the quiet and peaceable possession of said real estate, and would defend the title thereto, against all persons who might lawfully claim the same, either under the laws of the State of Missouri or under the laws of the State of Illinois;" that said Blackman was not at the time of the making and delivery of said deed lawfully seized of an indefeasible estate in fee simple in and to said real estate, and did not then have good right and full power to convey the same; that said defendant has wholly failed and refused to warrant the title to said real estate to said Mary E. Crane or to the plaintiff, since her death; that by reason of an outstanding paramount title to said premises in other parties than the said defendant, the said Mary E. Crane, during her lifetime, and the said plaintiff, since her death, could not quietly and peaceably possess said real estate, nor would the defendant, though often requested, defend the title thereto against all persons who might lawfully claim the same; that one E. M. Webber had at the time of the making and delivery of said deed and still has lawful right and title to said real estate, and the plaintiff, since the death of said Mary E. Crane, has been unable

Crane v. Blackman.

peaceably to possess the same, but has been compelled to yield the possession and title to said Webber, by reason of his paramount title, and is still kept out of the peaceable possession thereof: Whereby plaintiff has sustained damages to the amount of $10,000 and the plaintiff and the said Mary E. Crane have not only been deprived of said real estate and lost a large amount of money, to wit, $10,000, but have also been deprived of the title to said premises and the peaceable possession thereof, which was warranted to the said Mary E. Crane by said defendant; that Mary E. Crane departed this life testate in Saline county, Illinois, on November 24, 1900, leaving a last will and testament, by which she bequeathed to plaintiff, after the payment of her just debts and funeral expenses, all of which have been fully paid by plaintiff, all the residue and remainder of her estate, and that by her said will she appointed plaintiff the sole executor thereof; that by virtue of said will, plaintiff became possessed of the real estate mentioned in said deed and acquired all right to bring suit on the covenant in said deed which the said Mary E. Crane could have maintained or brought against the defendant in consequence of his failure to keep his covenant in said deed.

To this declaration the defendant filed a general and special demurrer. The special grounds of demurrer assigned by the defendant were six in number, of which it is only necessary for us to consider the first and sixth, which are as follows:

"1st. By the amended declaration and the deed which is attached thereto as an exhibit, it appears that the deed in question was executed in Illinois between parties in this state to lands located in the State of Missouri and the amended declaration does not aver what the laws of the State of Missouri are respecting conveyances such as the one in question."

"6th. The deed described in the declaration, a copy of which is attached thereto, is not a warranty deed under the laws of the State of Missouri, and an action of covenant on the supposed warranty cannot be maintained."

The court sustained both the general and special demur-

rer. Plaintiff excepted and elected to stand by his declaration as amended, and judgment was entered against him for costs. Plaintiff in the court below brings this suit here by writ of error to review the proceedings in that court.

1. The land which was described in the deed in controversy here was located in Missouri. Both the grantor and the grantee resided and the deed was executed and delivered in Illinois. The deed must be construed therefore according to the law of the State of Missouri. "If the instrument be made in one state for the conveyance of realty situated in another, or for the creating or imposing any lien thereon, or in any manner affecting title thereto, then under all circumstances it must, in substance and in its execution, and also in the evidences thereof, conform to the law of the place where the land to be affected thereby is situated; for it is a well-settled principle of the law that the jurisdiction over real property is local and appertains to the state wherein the property lies, and that title thereto passes only by conformity to the law of such state." Rorer on Interstate Law, 2nd Ed., 285. "The validity and construction as well as the force and effect of all instruments affecting the title to land, depend upon the law of the state where the land is situated." Harrison v. Weatherby, 180 Ill. 418. " In a deed of conveyance of real estate, covenants running with the land are to be controlled and construed solely by the law of the state where the land is situated." Dalton v. Taliaferro, 101 Ill. App. 592.

2. Plaintiff in error alleged in his declaration, that defendant in error covenanted with said Mary E. Crane that he was lawfully seized of an indefeasible estate of fee simple to said real estate, that he had good right and full power to convey the same and that he would warrant and defend to her, her heirs and assigns, the quiet and peaceable possession of the same and would defend the title thereto against all persons who might lawfully claim the same, either under the laws of the State of Missouri or under the laws of the State of Illinois. As we have seen, the laws of the State of Missouri must prevail in the construction of

this deed, but while plaintiff alleges the claimed effect of the deed under the laws of that state, he does not set out the statutes relied upon.

"The courts of this state do not take judicial notice of the laws of another state, and its statutes must be averred and proven when relied upon to sustain a cause of action or defense in this state." Dalton v. Taliaferro, *supra*. "What can or cannot be done by the statute of another state, is a conclusion from the terms of the statute, and to claim any right under such statute it must be set out." Stockham v. Simmons, 67 Ill. App. 83.

"As a general principle courts will not take judicial notice of the laws of another country, but they must be alleged and proved as facts." Crouch v. Hall, 15 Ill. 263.

3.   The law is well settled that on common law questions the courts of one state will, in the absence of anything to show the contrary, assume that the common law is in force in a sister state. Crouch v. Hall, *supra*. Tinkler v. Cox, 68 Ill. 119; Schlee v. Guckenheimer, 179 Ill. 593; Dempster v. Steven, 63 Ill. App. 126.

The deed in question was the statutory form of a warranty deed in this state and under our statute would be held to contain the ' covenants relied upon by plaintiff in error. It is, however, not to be construed by our statute, but by the common law which we must, under the declaration in this case, assume to prevail in the State of Missouri. There are no express covenants in the deed in question and none can by the common law be implied from the language employed. Wheeler v. County of Wayne, 132 Ill. 599.

We are of opinion, for the reasons above given, that the amended declaration of plaintiff in error failed to state a case which entitled him to sustain an action in covenant and that the court below properly sustained the demurrer thereto.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*