## Mattie C. Harrison, Appellee, v. Albert T. Tourtillott, Appellant.

### Gen. No. 5,077.

1. HUSBAND AND WIFE—*how transfers of chattels between, must be made.* To be valid as against a third person, transfers of chattels between husband and wife living together, must be made in writing and acknowledged and recorded as chattel mortgages.

2. HUSBAND AND WIFE—*how indebtedness must be established.* The law requires satisfactory proof that there was a valid subsisting indebtedness between the husband and the wife.

Replevin. Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

TRUSDELL & SMITH, for appellant.

C. H. WOOSTER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action of replevin brought by Mattie C. Harrison, appellee, against Albert T. Tourtillott, sheriff of Lee county, appellant. The defendant justified the taking and detention of the property under an execution against William T. Harrison in favor of Elizabeth Bedford.

The record shows that on May 10, 1907, Elizabeth Bedford recovered a judgment for $9896.74 in the Circuit Court of Lee county against William T. Harrison. An execution was issued upon this judgment to the sheriff of Lee county, and he levied upon a piano as the property of William T. Harrison. Mattie C. Harrison, the wife of William T. Harrison, replevied the piano from the appellant, claiming that the piano was her separate property and not liable for the debts of her husband. On the trial of the replevin suit, at the close of the plaintiff's evidence, and also at the close of

the defendant's evidence, the appellant requested a peremptory instruction. This the court refused to give. The jury returned a verdict in favor of appellee. A motion for a new trial was overruled and judgment rendered on the verdict. The defendant appeals to this court.

The only question presented for our consideration is the question whether the verdict and judgment can be sustained upon the evidence. The evidence in the record shows that William T. Harrison and Mattie C. Harrison were married in 1885 in Illinois; that at the time of the marriage the wife had about $50 which she received from her father's estate, and in the neighborhood of $100 which she had earned by her own labor. This money she loaned to her husband. They then moved to the state of Iowa, where the husband engaged in farming. About 1887 they returned to Illinois, where the appellee has resided ever since with her husband. After returning to Illinois, the husband worked in a factory for some time. Mrs. Harrison kept boarders for several years, and claims to have loaned the profits of the boarding house to her husband in small sums at the end of each month. The total amount claimed to have been loaned from this source is $250. A note was neither given by the husband to the wife for the money originally loaned, nor for the sums of money from the boarding house profits, since loaned, nor was any book account kept by the wife of the account against her husband. In October, 1904, Harrison with his wife went to the store of T. J. Miller of Dixon where the piano was selected. The piano was delivered at the residence of the Harrisons in Amboy. At that time Harrison appears to have been engaged in running a store. After the delivery of the piano at the residence Miller went to Harrison's place of business, where Harrison paid for the piano by turning in an old organ for $35 and giving his note for $325. No bill of sale was ever made of the piano from the husband to the wife. This is substantially

the evidence in the case. The record does not show for what the judgment was obtained in favor of Elizabeth Bedford against Harrison nor whether the indebtedness was incurred before or after the purchase of the piano, except as it may be inferred from a copy of the declaration in the suit of Bedford against Harrison that it was a promissory note executed by Harrison in 1895.

The $150 claimed to have been loaned by the wife to the husband in the first instance was nearly twenty years before the purchase of the piano. The proof as to the money loaned from the profits of the boarding house is very indefinite. The wife in her testimony could give neither dates nor the amounts, and while the law is that a husband may prefer the claims of a wife as against the debts of other creditors if the same is done in good faith, yet he cannot transfer property except in the manner provided by the statute. She did not sign the note that was given for the piano. The evidence does not prove that the relation of debtor and creditor existed between the husband and wife. The statutes of Illinois provide that no transfer of goods and chattels between a husband and wife living together shall be valid as against third parties unless the same shall be in writing and acknowledged and recorded as chattel mortgages are required to be acknowledged and recorded. Sec. 9 of chap. 68, Hurd's Statutes. In addition to the transfer of the piano as required by the statute, the law requires satisfactory proof that there was a valid subsisting indebtedness between the husband and wife. Hauk v. Van Inger, 196 Ill. 20; Frank v. King, 121 Ill. 250; Hockett v. Bailey, 86 Ill. 74; Hughes v. Noyes, 171 Ill. 575.

It is insisted by appellant that by the removal of Harrison and wife to the state of Iowa, the $150 loaned by the wife to the husband became the property of the husband, because it will be presumed that the common law is in force in the state of Iowa, concerning husband and wife, no statute of that state *contra* having

been proved. Tinkler v. Cox, 68 Ill. 119. It is not necessary to pass upon the question, whether, after the return of the husband and wife to this state even if the $150 was loaned as claimed, the moral obligation arising from a previous loan in this state might be a good consideration for a new promise to pay the same, in analogy to a promise to pay a claim outlawed by the statute of limitations or released by an adjudication in bankruptcy. We are unable to discover any evidence in this case upon which this judgment can be sustained. So far as the creditors of Harrison were concerned the piano was his property and subject to his debts. There being no transfer to the wife which the law recognizes, the secret understanding between the husband and wife under which she was to have the piano cannot prevail as against his creditors. The only reasonable conclusion to be drawn from the evidence is that the husband of appellee was the purchaser and owner of the piano. The verdict and judgment are not supported by the evidence. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*