## W. S. Alcorn, Appellant, v. Elbert Epler, Appellee.

1. DEEDS, § 2*—*applicability of statute governing form to local instruments only.* The Illinois statutory form of warranty deed and the statutory covenants applicable to such form, are limited to the conveyance of lands situated in Illinois.

2. CONFLICT OF LAWS, § 45*—*what law governs validity of conveyance of foreign land.* Whether a conveyance of land which has been duly recorded in a foreign State, where the land is situated, is a nullity, even upon the ground of fraud, depends upon the local laws of such State.

3. CONFLICT OF LAWS, § 45*—*when court has no power over foreign lands.* A court of one State has no power to annul a conveyance of lands situated in another State.

4. CONFLICT OF LAWS, § 45*—*what law governs covenants in deed to foreign land.* Specific covenants cannot be included within a general warranty contained in a deed of conveyance of lands situated in another State unless the laws of such other State provide that such covenants shall be so included.

5. COVENANTS, § 33*—*when declaration in action based on general warranty in deed of foreign land is insufficient.* In an action of covenant based upon a general warranty contained in a deed of conveyance of lands situated in another State, and claiming a breach of an implied specific covenant, the declaration *held* fatally defective in not alleging a law of such other State prescribing that such specific covenant shall be so included in a general warranty.

6. COVENANTS, § 11*—*what force given deed containing general warranty of lands in foreign State.* A deed of conveyance containing a general warranty of lands situated in another State, *held* entitled at most to the same force and effect it would have at common law, where no law of such State prescribing that a specific covenant should be included in a general warranty was alleged.

7. COVENANTS, § 11*—*when specific covenants not implied from words in statutory warranty deed.* No specific covenants are implied by the common law from the term "conveys and warrants" used in the Illinois statutory form of warranty deed.

Appeal from the Circuit Court of Edwards county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Howard P. French, for appellant.

Allen E. Walker, for appellee.

Mr. Presiding Justice McBride delivered the opinion of the court.

This was an action of covenant brought by appellant against the appellee in the Circuit Court of Edwards county. The Circuit Court sustained a demurrer to the declaration and rendered judgment against plaintiff for costs.

The appellant in his declaration alleges that Elbert Epler, the defendant herein, on the 13th day of August, 1913, claimed to be the owner of the premises hereinafter described, and being so seized and possessed of said premises on the day aforesaid, under his hand and seal executed a certain warranty deed by which the said Elbert Epler for and in consideration of the sum of $4,800 in hand paid, with general covenants of warranty, including the covenant, that at the time of the making and delivering of said deed he was lawfully seized of an indefeasible estate in fee simple in and to the premises therein described, and had good right and full power to convey the same to the following described property, describing several tracts of land situated in the county of Newton and State of Texas. And then avers that at the time of the execution of the said deed the defendant was not lawfully seized of an indefeasible estate in fee simple of the premises therein described and did not have good right and full power to convey the same, and that by means of the premises the plaintiff was greatly injured and damaged. To this declaration the appellee interposed a general and special demurrer, reciting that by the declaration and recitals of the deed therein contained it appears that the deed in question

was executed in Illinois between parties in this State to lands located in the State of Texas, and the declaration does not aver what the laws of the State of Texas are respecting conveyances, such as the one in question.

It will be observed that the suit is brought upon a general covenant of warranty, which the pleader alleges includes the covenant that at the time of the making and delivering of said deed the defendant was lawfully seized of an indefeasible estate in fee simple in and to the premises therein described, and had good right and full power to convey the same. Appellant in his statement and argument says that, "The deed declared on was a regular Illinois form of warranty deed." The contention of appellant is that as the deed was executed in Illinois and upon a statutory form for warranty deeds of this State, that by the use of the general term, "conveys and warrants," that this includes the implied covenants prescribed by the statute of Illinois, and that they were personal covenants and are to be governed by the *lex loci contractus,* and that being a personal covenant and entered into in the State of Illinois, that a right of action existed against the defendant for a breach of these covenants. In support of this doctrine he cites the case of *Tone v. Wilson,* 81 Ill. 529, which holds that covenants of seizin, and of good right to convey, are broken at the time the deed is delivered, are present covenants and do not run with the land. It will be observed that the attitude of appellant is that as the deed was an Illinois statutory form and executed in Illinois, that all of the covenants contained in the statute should be read into this deed. We cannot agree with this contention, as the statutory form of warranty deed and the covenants sought to be included in such form of deed is, in our judgment, limited to the conveyance of lands situated in Illinois and could not

be extended to lands in other States.  The form of the deed prescribed by statute restricts the conveyance to lands "Situated in the County of ———— in the State of Illinois."  Any attempt by the Legislature of the State of Illinois to prescribe what particular covenants should be included under general terms in other States would be null and void, as every State prescribes its own rules for the conveyance of its lands.  "It is a well-settled principle of law that the jurisdiction over real property is local and appertains to the State wherein the property lies, and that title thereto passes only by conformity to the laws of such State."   Rorer on Interstate Law (2nd Ed.), 285. "The validity and construction, as well as the force and effect, of all instruments affecting the title to land, depend upon the law of the State where the land is situated."  *Harrison v. Weatherby,* 180 Ill. 418. Whether a conveyance of land which has been duly recorded in the State where the land is situated is a nullity even upon the ground of fraud depends upon the local laws of such State.  The court of another State has no power to annul such a conveyance. *Cooley v. Scarlett,* 38 Ill. 317.  We are of the opinion that the specific covenants sought to be read into the general warranty for the conveyance of lands in the State of Texas could not be included under a general warranty or a general clause such as is contained in our statutory form of deed, unless there was a law in the State of Texas that prescribed that such specific covenants would be included under such general terms, and if there is a statute or law in the State of Texas prescribing such specific covenants arising from the use of general terms of the character here used, it should have been so stated in the declaration. The pleader should have alleged that out of the terms used by the laws of the State of Texas the specific covenants relied on arose in favor of the appellant,

but he failed to make any such statement and failed to make any averment with reference to the laws of the State of Texas, which seems to us must be fatal to his right of recovery. If the deed had contained a specific covenant such as is claimed to have been implied in this case, a different question would be presented for consideration. The most that the courts of this State could do would be to give a contract of the kind here declared upon the same force and effect that would be given to it at common law. *Tinkler v. Cox,* 68 Ill. 119. There are no expressed covenants in the deed in question and none can by common law be implied from the language used. *Wheeler v. Wayne County,* 132 Ill. 599.

We are further of the opinion that this is not an open question in this court. We think it was settled adversely to the contention of appellant in the case of *Crane v. Blackman,* 126 Ill. App. 631, and we see no reason for changing our views of the conclusion there reached.

We are of the opinion that the Circuit Court did not err in sustaining the demurrer to plaintiff's declaration, and the judgment of that court is affirmed.

*Judgment affirmed.*