JOSEPH EVANS

*v.*

MILTON ANDERSON.

1. LEX LOCI. The law of the place where a contract is made must govern the contract. The existing laws of the State at the time of making a note therein, form a portion of the contract, and the liability of the maker must be determined under them.

2. If a promissory note is executed in the State of Indiana, though it does not so appear upon its face, the laws of that State will govern as to the defenses which may be set up against a recovery thereon.

3. It is a principle adopted everywhere, that the nature, validity and interpretation of contracts must be governed by the laws of the country where they are made, or are to be performed.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was an action of assumpsit, by Joseph Evans, against Milton Anderson, upon a promissory note given by the defendant to John W. Jones, and assigned to the plaintiff.

The defendant pleaded a failure of consideration, that the note was made in the State of Indiana, and, that by the laws of that State in force at the time the note was given, the maker of a note was entitled to all defenses against it in the hands of an assignee, which he could make against the same in the hands of the payee, except when made payable in some bank, etc.

The plaintiff, among other things, replied that the note was assigned to him in the State of Illinois for a valuable consideration, before maturity, and also, that, at the time of the assignment, the defendant was a resident of this State.

The defendant demurred to the replications, the court sustained the demurrer, and rendered judgment for the defendant in bar of the action.

Messrs. Blades, Kay & Evans, for the plaintiff in error.

Messrs. Doyle & King, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

It would be an useless waste of time to discuss the principle which lies at the bottom of this case, as it has received the assent of all the common law tribunals of the United States, this State included.

The principle is, that the law of the place where a contract is made must govern the contract.

The note in question was made in the State of Indiana, and the laws of that State must govern as to the defenses which might be set up against a recovery thereon. It was in that State the maker undertook to pay. It was a contract of the place where made and where to be performed.

It is true, the note does not, on its face, purport to have been made in the State of Indiana, yet, it so appears by the plea, and the fact is not denied. The existing laws of a State at the time of making a note, form a portion of the contract, and the liability of the maker must be determined under

them.  *Stacy, Admr.* v. *Baker,* 1 Scam. 417; *Holbrook et al.*
v. *Vibbard et al.* 2 ib. 465; *Roundtree, Admr.* v. *Baker, Admr.*
52 Ill. 241; *Bradshaw* v. *Newman,* Breese (2d Ed.), 133; *Humphreys* v. *Collier et al.* ib. 297.

It is a principle adopted everywhere, that the nature, validity and interpretation of contracts must be governed by the laws of the country where the contracts are made, or are to be performed.

There is no difference of opinion on this question.

The judgment is affirmed.  The liability of the maker of this note must be determined by the laws of Indiana, the State in which it was made.

*Judgment affirmed.*