DOUGLAS S. TAYLOR *et al.*

*v.*

MARTHA J. B. BOARDMAN.

1. MARRIED WOMAN—*power to make note with her husband.* Prior to July 1, 1874, a married woman living with her husband was totally incapacitated to give a note, with her husband or otherwise, as surety, and could not give any binding authority to do any act essential to the making or delivery of the same; but if such note was delivered by her after that time, or by some one for her, under authority from her given subsequent to that day, it would be valid, as the statute which then went into force gives a married woman power to make contracts as if she were still unmarried.

2. Where a promissory note is signed by a husband and wife prior to July 1, 1874, and left with a third person to be delivered, a delivery after that day by such person will not render the same valid and binding upon the wife, unless the authority to make the delivery was given by her after that date.

WRIT OF ERROR to the Appellate Court of the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and Hon. GEORGE W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices.

Mr. SAMUEL M. BOOTH, and Mr. R. BIDDLE ROBERTS, for the plaintiffs in error.

Mr. WILLIAM S. BRACKETT, and Mr. JOHN VAN ARMAN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit originally brought in the Superior Court of Cook county, by Martha J. Boardman, upon a promissory note payable to her order, for the sum of $8000, with ten per cent per annum interest, dated June 26, 1874, and signed by Douglas S. Taylor and his wife, Esther E. Taylor, the defendants in the suit. A trial was had resulting in a verdict and judgment against both defendants for $10,866.67. The case was then by writ of error taken to the Appellate Court for the First District, where the judgment was affirmed, and the record is brought here for the purpose of obtaining a reversal of the judgment of the Appellate Court.

The evidence shows that the consideration for the notes was the surrender by the plaintiff of certain notes against the Coan & Ten Broeke Carriage Company; that the note was signed by the defendants and placed in the hands of one C. O. Ten Broeke, and that Ten Broeke at some subsequent time and after the date of the note delivered it to the plaintiff.

By statute which went in force July 1, 1874, "Contracts may be made and liabilities incurred by a wife, and the same enforced against her, to the same extent and in the same manner as if she were unmarried." Rev. Stat. 1874, 576, § 6.

The Superior Court gave to the jury, for the plaintiff, this instruction:

"Even if the jury believe from the evidence that the note in question was signed by Mrs. Taylor before July 1, 1874, yet, if the jury believe from the evidence that the note was delivered on or after July 1, 1874, to the plaintiff by the defendants, or any one for them, Mrs. Taylor is liable upon the note as well as her husband."

This instruction was wrong.

Prior to July 1, 1874, Mrs. Taylor, being a married woman, had no power to give such a note. If it was made and delivered by her before that time it would be void. But if it was delivered by her after that time it would be valid, although she had signed it before that day. So it would be if it had after that time been delivered by some one for her, under authority from her given subsequent to that day. But not if so delivered in pursuance of authority from her given previous to July 1, 1874.

Now, the jury were authorized by this instruction to find this note to be a valid note against Mrs. Taylor, if after July 1, 1874, it had been delivered by Ten Broeke to the plaintiff in pursuance of authority conferred on him by Mrs. Taylor before that date.

But before that time Mrs. Taylor was totally incapacitated to give such a note, or to give any binding authority to do any act essential to the making of the note; so that Ten Broeke could not have been her authorized agent to deliver the note by virtue of any authority conferred by her previous to July 1, 1874. The delivery is the essential thing in the execution of a note, it having no legal inception until it is delivered.

We can not take the view which is urged, that the note being in the control of the signers in July they might have recalled it, and not having done so, and the delivery being in July, that the note is binding upon Mrs. Taylor. The signing of the note by her before July 1, 1874, was merely null— it imposed no obligation, and created no duty, and there was nothing for her to recall. She is not to be held liable by virtue of anything done or said by her previous to July 1, 1874. There must have been some affirmative action on her part after that time to make the note of any legal effect so far as she is concerned. This the instruction does not recognize. It was erroneous in not requiring that the one who might have delivered the note for Mrs. Taylor had authority from her to do so.

For error in the giving of this instruction the judgment of the Appellate Court is reversed, and the cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed.*