RHODE ISLAND NATIONAL BANK *vs.* FRANKLIN A. CHASE and JOHN MCAUSLAN.

A. took out policies of insurance on his life, payable to himself, if living, at a date fixed in the policies, and, if not living, payable to his executors, administrators, or assigns.   The policies contained no guaranty of any cash surrender value before maturity.

Before their maturity A. made an assignment for the benefit of his creditors of all his property except such as is by law exempt from attachment.

*Held,* that the assignee was entitled to the proceeds of the policies paid at their maturity by the insuring company.

Pub. Stat. R. I. cap. 209, § 4, clause 14, exempting from attachment property exempted " by the policy of the law," applies only to property which some reason of public policy protects from attachment, and does not take out of an assignment like the one above described the assignor's equitable interests, or his assignable contingent interests.

BILL OF INTERPLEADER.

*December* 10, 1887.   DURFEE, C. J.   The following are the facts on which the questions in this suit arise, to wit: October 11, 1886, the late Henry Ashworth, being then the owner of two policies of insurance on his life, issued by the Mutual Life Insurance

---

[1] See *Gerhard* v. *Bridge Commissioners*, 15 R. I. 334.

Company of New York, one for $2,000 and the other for $1,000, payable November 1, 1892, to him, if then alive, or on his death, if he should die before November 1, 1892, to his executors, administrators, or assigns, assigned said policies to the Rhode Island National Bank as security to the bank for future premiums agreed to be paid by the bank to the insurance company, with interest and expenses. The policies contained no guaranty of any cash surrender value before maturity. October 26, 1886, Ashworth made an assignment to Franklin A. Chase, one of the defendants, of all his estate and property of every name, nature, and description, " except so much thereof, other than debts secured by bills of exchange or negotiable promissory notes, as is by law exempt from attachment, for the equal benefit of all his creditors in proportion to their respective claims, except as is provided in section fourteen (14) of chapter two hundred and thirty-seven (237) of the Public Laws of the State." The assignment was purely voluntary, no property of Ashworth's having been attached. Ashworth died A. D. 1887, some time before the institution of this suit, leaving a will of which the defendant, John McAuslan, is executor. The bank collected the policies and satisfied its claims out of the proceeds. Thereupon, the balance being claimed by Chase as assignee and by McAuslan as executor, it filed a bill of interpleader against them, bringing said balance into court. The question is, which of the two defendants is entitled to it.

No question is made but that Ashworth's interest passed to Chase by the assignment, unless it was within the exception as being " exempt by law from attachment." The contention for McAuslan is that Ashworth's interest was not liable to attachment at the time of the assignment because of its character, his interest being equitable, uncertain, and contingent, and therefore within the exception. In *Keach, Petitioner,* 14 R. I. 571, the court held that the phrase " except so much . . . as is exempted from attachment by law," there used in a decree appointing a receiver, under Pub. Stat. R. I. cap. 237, § 13, only excepts property which is protected from attachment by the statutory exemptions. See, also, *Tillinghast* v. *Bradford and another,* 5 R. I. 205. The defendant, McAuslan, contends that the case at bar is distinguishable from that case, because in the case at bar the phrase was not

used in any such proceeding, nor even in any assignment made in pursuance of the statute for the purpose of dissolving an attachment, but was used in an assignment which was purely voluntary. We do not think the distinction can avail. The phrase, by its use in assignments, in proceedings in insolvency and for the relief of poor debtors, has acquired a meaning which we think must be presumed to attach to it in general assignments for the benefit of creditors, in the absence of anything to show the contrary, inasmuch as such assignments, though purely voluntary, partake of the nature and purpose of involuntary assignments under the statutes. Moreover, the assignment here, though not made for the purpose of dissolving an attachment, uses the language or form of words prescribed for an assignment for that purpose, which is an additional reason for construing it as we would construe an assignment made for that purpose.

McAuslan also contends that Ashworth's interest in the policies did not pass, even if the exceptions be held to cover only property which is protected by the statutory exemptions, because the statutory exemptions extend to property which is exempted " by the policy of the law," Pub. Stat. R. I. cap. 209, § 4, clause 14, and said interest was not legally subject to attachment. We do not think this position is tenable. In our opinion, the property which is meant to be protected by the exemption referred to is not property which is, from its nature, beyond the reach of attachment, but property which it is a matter of public policy to protect from attachment. Thus property held by municipal corporations for public use, or to enable it to discharge its public duties, has been held to be exempt as a matter of public policy. Freeman on Executions, § 126. The exemption referred to has existed in our statute since 1857, and it has never been held, and, so far as we know, never been claimed until now, that by reason thereof equitable interests or assignable contingent interests do not pass by an assignment purporting to convey all the assignor's property except so much as is exempt from attachment by law. It cannot be supposed that any such result was ever intended by the General Assembly, nor that the claim now advanced by McAuslan would not have been earlier advanced if there were any probable ground for it. And see the remarks of Chief Justice Ames in *Tillinghast* v. *Bradford and another*, 5 R. I. 205, 212.

Let a decree be entered awarding the fund in suit to the defendant Chase, as Ashworth's assignee.

*Decree accordingly.*

*Rathbone Gardner*, for complainant.
*Richard B. Comstock*, for respondent Chase.
*Edwin C. Pierce*, for respondent McAuslan.