PROVIDENCE.

WALDO H. STONE *vs.* NATHANIEL W. WESTCOTT *et als.*

Testamentary disposition as follows :

" I further authorize and empower my said executors or executor or administrator for the time being in their or his discretion (if my husband should survive me and at any time be in circumstances requiring pecuniary assistance) to sell and convey or mortgage and if mortgaging to make such mortgage in any form customary in this State and with powers of sale the whole or any portion of my real estate and from the proceeds of such sale or mortgage from time to time as in their opinion occasion may require to apply for the benefit of my said husband such sums and in such manner as they may deem best.

" Nothing therein contained to interfere with his right by the courtesy in said estate.

" All the rest residue and remainder of my estate including the remaining proceeds of any sale or sales mortgage or mortgages which may be made hereunder . . . . . I give, devise and bequeath subject to the foregoing provisions to the Park Street Free Baptist Church in Providence and its assigns to its and their use forever."

The real estate of the testatrix was sold under the power and the proceeds are in the hands of·the executors.

*Held,* that the word " his " before the word " opinion " in that part of the clause relating to the application of the proceeds of any sale or mortgage refers to " executor or administrator," and not to " husband ; " and that the discretion of the executors was exclusive and absolute as to the necessity or propriety of making any application out of the proceeds for the husband's benefit, and as to the sums to be applied and the manner of applying them.

*Held,* further, that the husband had no interest in the fund which he can enforce against the executors, and, consequently, none which his creditors can reach.

BILL IN EQUITY by a judgment creditor to obtain payment of the judgment out of a fund in the hands of executors. On demurrer to the bill.

*August* 3, 1894. MATTESON, C. J. This is a creditor's bill to obtain payment of a judgment in favor of the complainant against the respondent Westcott, out of a fund in the hands of the other respondents who are executors of the will of Penelope Westcott, deceased. The respondents have demurred to the bill.

The question raised for decision is whether the respondent Westcott, who was the husband of the testatrix, has any

right in the fund or the income of it, which he can enforce against the executors. If so, his creditor can also enforce it, and the bill can be sustained; otherwise it cannot. The question arises on the construction of the eighth clause of the will which is as follows :—

"*Eighth.* I further authorize and empower my said executors or executor or administrator for the time being in their or his discretion (if my husband should survive me and at any time be in circumstances requiring pecuniary assistance) to sell and convey or mortgage and if mortgaging to make such mortgage in any form customary in this State and with powers of sale the whole or any portion of my real estate and from the proceeds of such sale or mortgage from time to time as in their or his opinion occasion may require to apply for the benefit of my said husband such sums and in such manner as they may deem best.

"Nothing therein contained to interfere with his right by the courtesy in said estates.

"All the rest residue and remainder of my estate including the remaining proceeds of any sale or sales mortgage or mortgages which may be made hereunder and including under the head of my realty as herein referred to as also in this residuary clause all realty by me hereafter acquired I give devise and bequeath subject to the foregoing provisions to the Park Street Free Baptist Church in said Providence and its assigns to its and their use forever."

The real estate, including the respondent Westcott's right as tenant by the courtesy, has been sold under the power conferred on the executors, and they have in their hands of the proceeds of the sale a fund amounting to $2,000, a sum much larger than the complainant's judgment.

The complainant construes the word "*his*" before the word "*opinion*" in that part of the clause of the will under consideration relating to the application of the proceeds of sale to the benefit of the husband, as referring to "*husband*," and hence contends that the executors have no power or right to refuse to apply the proceeds for the benefit of the

husband, if "in his opinion occasion may require," and that
the only discretion which the executors have is as to sums
and manner of payment.    We do not assent to this construc-
tion.    We think that the word "*his*" in the connection
mentioned refers, not to "*husband*," but to the words "*ex-
ecutor or administrator*."    The clause is somewhat involved
and obscured by the insertion in it in parenthesis of the con-
dition on which the power of sale was to be exercised by the
executors, to wit, the husband's survival of the testatrix and
being in circumstances requiring pecuniary assistance, in-
stead of its having been put at the beginning of the clause.
If the condition be so placed and the clause be then read,
eliminating the parenthesis, it will be evident that the con-
struction we have suggested is the more natural.    Such a
construction, moreover, would prevent any clashing between
the executors and the husband which might result from a
divided discretion.

The clause does not give the whole nor any portion of the
fund or its income to the respondent Westcott, but the whole
is given to the Park Street Free Baptist Church, subject to
the discretion of the executors, when in their opinion occa-
sion may require, to apply from time to time for his benefit
such sums and in such manner as they may deem best.    We
have no doubt it was the intention of the testatrix that the
fund should be applied, if needed, for her husband's benefit,
but she meant, too, that it should not be diverted from that
use either by any act of his or of his creditors.    She, there-
fore, wisely gave the fund in its entirety to the church, re-
serving no right in it to him, but subjecting it to be applied
for his benefit in the discretion of the executors.    That dis-
cretion is purely personal to the executors.    They are the
sole judges of the occasion that is the necessity or propriety
of the application of the sums to be applied, and the manner
of the application.    They may pay the sums to the benefici-
ary personally, or expend them in the purchase of necessaries
from others, or otherwise for his benefit.    So long as they act
in good faith, their exercise of the discretion or refusal to
exercise it cannot be controlled by the court.    The benefici-

ary; therefore, took no right which he càn enforce against the executors, and as he cannot, neither can his creditor ; for the creditor can have no greater right to enforce action by the executors than the beneficiary himself has.   In the celebrated case of *Nichols* v. *Eaton,* 91 U. S. 716, Justice Miller remarks :  "No case is cited, none is known to us, which goes so far as to hold that an absolute discretion in the trustee—a discretion which, by the express language of the will, he is under no obligation to exercise in favor of the bankrupt—confers such an interest on the latter, that he or his assignee in bankruptcy can successfully assert it in a court of equity or any other court. . . . . When trustees are in existence, and capable of acting, a court of equity will not interfere to control them in the exercise of a discretion vested in them by the instrument under which they act.   And certainly they would not do so in violation of the wishes of the testator."   And see, also, among other authorities that might be cited, the following :   *Keyser* v. *Mitchell,* 67 Pa. St. 473 ; *Pope's Executors* v. *Elliott,* 8 B. Mon. 56 ; *Davidson's Executors* v. *Kemper,* 79 Ky. 5 ; *Meek* v. *Briggs,* 54 Northwestern Reporter, 456 ; *Chambers* v. *Smith,* L. R. 3 App. Cas. 795, 806, 811, 824 ; *The Queen* v. *The Judge of the County Court of Lincolnshire and Dixon,* L. R. 20 Q. B. 167 ; *In re Coleman,* L. R. 39 Ch. Div. 443 ; 1 Perry on Trusts, §§ 386, 386 *a* ; Gray's Restraints on Alienation, § 261.

The case at bar is clearly distinguishable from *Tillinghast* v. *Bradford,* 5 R. I. 205, and the numerous cases, English and American, cited by the complainant.   In all those cases, the debtor had taken a vested equitable estate or interest in the fund or property, and though that estate or interest may have been subject to the discretion of a trustee or trustees as to the times of payment, or modes of application for the benefit of the beneficiary, the discretion was terminated by the insolvency or bankruptcy of the beneficiary.   In the case at bar, however, the debtor took no vested interest in the fund which was given to another, and there is merely a discretionary power in the executors to apply it for his benefit.

We are of the opinion that the demurrer should be sustained and the bill dismissed.

*Nathan W. Littlefield & Walter R. Stiness,* for complainant.

*Joseph C. Ely & Herbert Almy,* for respondents.