### HUNTER v. CONRAD et al.

(Circuit Court, D. Rhode Island. April 7, 1899.)

No. 2,544.

1. MARRIED WOMEN—RESTRICTION ON POWER TO ANTICIPATE INCOME—EFFECT ON CONTRACTS.

Where a provision of a will that a married woman to whom the income from a trust fund was bequeathed for life should have no power to alienate or anticipate such income was valid under the laws of the state where the will was probated and the trust estate existed, though it was only so valid because of an exception to the general rule in favor of married women, a note made by the woman while still under coverture can not be given effect as an anticipation and enforced against such income by a court of equity, on the ground that the note constituted a valid obligation under the laws of another state in which it was made, and might there have been so enforced, and that it had been reduced to judgment in the courts of a third state, nor because the defendant, after the giving of the note, became, and still remains, a feme sole, nor even because of a subsequent change in the laws governing the trust, not in terms made retroactive.

2. STATUTES—CONSTRUCTION—MARRIED WOMAN'S ACTS.

A change in the statutes of a state by which a married woman is given the same power to make contracts as though she were single, with the same rights and liabilities, in the absence of an authoritative construction by the state courts, will not be construed by a federal court of equity to abolish an exception in her favor, and place her within the general rule of the state which makes invalid restrictions on the power to anticipate or charge future income.

In Equity.

N. W. Littlefield, for complainant.

Francis Colwell and Walter H. Barney, for respondents.

BROWN, District Judge. This case is on demurrer to a creditors' bill seeking to charge trust funds in the hands of the trustees under the will of J. B. Barnaby, late of Providence, R. I. A judgment at law was obtained in the state of Montana against the respondent Mabel B. Conrad, daughter of said Barnaby, and her former husband, John H. Conrad, upon a promissory note made at Chicago, Ill., and signed by said Mabel B. Conrad and John H. Conrad & Co. (a firm composed of said John H. Conrad and S. C. Hunter). The note was dated March 12, 1893, and payable in four months. January 12, 1895, the respondent Mabel B. Conrad was divorced from her said husband, and since then has remained unmarried. On November 6, 1895, after the divorce, action was begun on the note in the state of Montana, due service being had in that state. March 23, 1896, judgment was

obtained. November 21, 1896, execution thereunder was returned unsatisfied.

The will, after placing property in the hands of trustees, provides:

"And, thirdly, all the residue of said net income of said trust estate and property to pay in equal shares, and in quarterly payments from the date of my death, to my said two daughters during their respective lives for their own sole and separate uses, and their personal receipts to be at all times sufficient discharge therefor; but neither of my said daughters shall have any power to assign or otherwise alienate or anticipate the same or any part thereof before the same becomes payable to her as aforesaid."

As Mrs. Conrad's interest in the trust fund is restricted to the income, and as the devises over place the corpus of the estate entirely out of her control, it seems clear that there is no ground for the creditors claiming more than the income.

The complainant relies upon Tillinghast v. Bradford, 5 R. I. 208. In this case, Ames, C. J., says:

"The nature of the debtor's interest in the trust property, under his father's will, was an equitable estate for life, with a power of disposing of the remainder in fee by will; in default of such disposition, such remainder to be conveyed to his heirs at law; there being also a clause in the will against anticipation and alienation of the rents and profits during the debtor's life. It is quite clear that it was the intention of the testator to make an alimentary provision for his son during life, which should give him all the advantages of an estate in fee, without the legal incidents of such an estate,—alienability, unless by will, and subjectiveness to the payment of the son's debts. Such restraints, however, are so opposed to the nature of property—and, so far as subjectiveness to debts is concerned, to the honest policy of the law—as to be totally void, unless, indeed (which is not the case here), in the event of its being attempted to be aliened, or seized for debts, it is given over by the testator to some one else. This has been the settled doctrine of a court of chancery, at least since Brandon v. Robinson, 18 Ves. 429; and, in application to such a case as this, is so honest and just that we would not change it if we could. Certainly, no man should have an estate to live on, but not an estate to pay his debts with. Certainly, property available for the purposes of pleasure or profit should be also amenable to the demands of justice."

In Stone v. Westcott, 18 R. I. 685, 29 Atl. 838, it was said:

"The question raised for decision is whether the respondent * * * has any right in the fund, or the income of it, which he can enforce against the executors. If so, his creditor can also enforce it, and the bill can be sustained; otherwise, it cannot."

See Ryder v. Sisson, 7 R. I. 341, 344; Bank v. Chase, 16 R. I. 37, 39, 12 Atl. 233. We cannot doubt that this has been regarded as the settled law of Rhode Island where the cestui que trust was not a married woman under coverture. In the present case, however, we have to consider whether this doctrine is applicable under circumstances novel in character. To the general rule of policy that makes invalid restraints on alienation there is a well-recognized exception in the case of a married woman. Gray, Restr. Alien. Prop. §§ 140–142, 269, 277. At the date of the execution of the will and of probate, Mrs. Conrad was under coverture. Though no Rhode Island case has been cited on the point I have no reason to doubt that in Rhode Island the exception in favor of married women existed, and that the restraints upon alienation and anticipation imposed by the will upon Mrs. Conrad were then valid. So, also, at the time of the execution of the note,

which does not appear to have been in any way for the benefit of her separate estate, she was under coverture. There was, then, nothing in the policy of the law invalidating the provision of the will that forbade this married woman to alienate or anticipate her separate estate. It would seem, therefore, that, though a married woman was sui juris in the state of Illinois at the date of making the note, she might under the law of Rhode Island be lawfully restrained from charging her equitable estate by her contracts.

The equity of the creditor, under the allegations of the present bill, rests upon a contract made by Mrs. Conrad at a time when she had no power, under the laws of Rhode Island, to charge her equitable estate. How is it possible to hold the restraint on alienation or anticipation valid at the time of making the note, and yet to hold that the making of the note did charge her equitable estate? The language of James, L. J., in Pike v. Fitzgibbon, 17 Ch. Div. 454, seems quite in point:

"Twist it in any way you like, the conclusion which the vice chancellor arrived at, and which we are asked to arrive at, is that a married woman restrained from anticipation can anticipate. That is the result, if it is put into plain English, because whether it is done by deed or by letter, or by the creation of a debt which in the result operates to charge the property, it is an anticipation of the property, by which the lady deprives herself of something which she would otherwise receive. That this is anticipating her future income would seem to me to be too plain a proposition to be seriously contested."

Cotton, L. J., said:

"Their contention must amount to this: that the married woman under the trusts of the will was prevented only from doing any act which would prevent her from enjoying during the coverture the income of this property, and that she could do acts even during coverture which might intercept the income of the property after the death of her husband. The express terms of the trust are that she shall have no power while under coverture to dispose of the property by way of anticipation. Would not a disposition to take effect after the death of her husband be an anticipation just as much as if it was to take place in the year after that in which the disposition was made? It is almost a reductio ad absurdum to say that, although she could not anticipate by an express charge on the property, yet she could dispose of it by way of anticipation by contracting during the coverture a debt not directly charging the property, but giving the plaintiffs a right to claim it."

See, also, Roberts v. Watkins, 46 Law J. Q. B. 552; In re Sykes' Trusts, 2 Johns. & H. 415.

It is contended by the complainant, however, that the following reasons prevent Mrs. Conrad from receiving the benefit of any exception to the rule stated in Tillinghast v. Bradford, supra: The note was made in the state of Illinois, and was a valid contract under the laws of that state, though contrary to the then existing policy of the state of Rhode Island. Taylor v. Boardman, 92 Ill. 566. At the date of the beginning of the action on the note, and at the date of recovery of judgment in the state of Montana, whereof Mrs. Conrad was then resident, a married woman was liable under the laws of Montana upon her promissory notes. Civ. Code Mont. § 256. The policy of the state of Rhode Island has been changed since the making of the note, and before the filing of the present bill, by statute passed May 26, 1893 (Pub. Laws R. I. c. 1204), providing:

"Any married woman may make any contract whatsoever, the same as if she were single and unmarried, and with the same rights and liabilities."

See, also, Acts 1895–96 R. I. c. 335.

In Case v. Dodge, 18 R. I. 661, 663, 29 Atl. 786, it was held:

"The policy of our law relating to married women having thus been changed, such a contract made elsewhere, though prior in date to the passage of the statute, would no longer contravene the policy of our law; and hence no reason would exist why an action on it should not be sustained."

Furthermore, when action was brought and judgment obtained, Mrs. Conrad was, by reason of the divorce, a feme sole. Conceding that Mrs. Conrad would now be liable at law in the state of Rhode Island upon the note and upon the judgment, does it follow that a court of equity must charge her estate, in spite of the valid restraint upon her power to alienate and anticipate, existing at the time of making the note? It seems evident that a restraint upon the feme's anticipation had for one of its purposes the exclusion of the influence of her husband, and to prevent him through that influence from inducing his wife to devest herself of her property, and place it at his disposal. Lewin, Trusts, *754. It may be argued that, because the legislature of the state of Rhode Island has seen fit to bestow upon a married woman the power to contract "as if she was single and unmarried and with the same rights and liabilities," and especially because of the repeal of section 4 of chapter 194 of the General Laws of Rhode Island, it was the legislative intent that a testator should no longer have the power to extend to a woman under coverture, and subject to her husband's influence, the protection of a restraint upon anticipation. We should not be justified, however, in attributing to the legislature an intent to make so radical a departure from a recognized equitable doctrine without more conclusive evidence. The enlargement of the wife's contractual power gives greater legal opportunities for the exercise of marital influence, but does not remove the former reasons for equitable support of restraints upon anticipation during coverture. It may be that public policy requires that the enlargement of a married woman's capacity to contract be accompanied by such an enlargement of the liability of her equitable estate as will abolish the exception in her favor, and place her within the general rules that make invalid restraints on alienion or anticipation. In the absence of clear evidence of such a local policy in statutes or in judicial decisions, we do not think a federal court, sitting in equity, would be justified in drawing questionable inferences as to the local policy, and in adopting as the law of this case what in no event could be considered as the established and settled law or policy of Rhode Island. Furthermore, even if we were satisfied that it was the legislative intent to abolish the exception in favor of married women, there would still remain the question whether a restraint upon anticipation, valid when created, valid when the note was made which is the basis of the complainant's right, should be invalidated by a legislative enactment which in terms refers only to the future capacity of a married woman to make contracts, and presumably was intended to be prospective only.

The complainant by his contract acquired no right to defeat the intention of the testator, or to appropriate the property which the testa-

tor wisely placed in trust for his daughter's support; nor is he defrauded of any right which his contract gave him by upholding this trust. Nichols v. Eaton, 91 U. S. 716, 726. While the argument for the complainant has been presented with such ability and learning as to entitle it to careful consideration, I am of the opinion that it cannot prevail, since the restraints imposed by the testator upon alienation or anticipation were valid; and to charge this trust estate upon a contract made by the testator's daughter while under such restraint would be to hold, in effect, that a married woman, though restrained from anticipation, could anticipate.

The demurrer is sustained.