JOSEPH E. FORSYTH *et al.*

*v.*

J. D. BARNES, Receiver.

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. CONFLICT OF LAWS—*law of place where the contract is made controls capacity of parties.* As between the law of the place where a note and warrant of attorney signed by a married woman is made and the law of the married woman's domicile, the questions of the validity of the note and warrant of attorney and the capacity of the married woman to make them are governed by the law of the place of the contract.

2. SAME—*common law is presumed to prevail in another State.* In the absence of proof to the contrary, it will be presumed by the courts of this State that the common law prevails in another State.

3. CONSTITUTIONAL LAW—*court may inquire into jurisdiction of courts of another State.* The provision of the Federal constitution that full faith and credit shall be given to the judicial proceedings of each State in every other State does not prevent a court of one State from inquiring into the jurisdiction of a court of another State to render a judgment, notwithstanding there is a recital of jurisdictional facts in the record of the foreign judgment.

4. MARRIED WOMEN—*at common law a married woman's contract is void.* At common law all contracts of a married woman are absolutely void, and the disability in that respect cannot be overcome by any form of acknowledgment or mode of execution or by uniting with the husband in making the contract.

5. SAME—*when judgment by confession is void.* At common law a judgment entered by confession and without notice upon a note and warrant of attorney executed by a married woman during coverture is void, and can be attacked directly or collaterally.

6. PLEADING—*coverture may be proved under plea of nul tiel record.* In an action of debt on a judgment by confession on a note signed by a married woman the coverture of the defendant may be proved under the plea of *nul tiel record,* though not specifically put in issue by the pleadings.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in an action of debt.

To support his action in the trial court appellee offered in evidence a transcript of the judgment entered by confession against appellants in the court of common pleas of Auglaize county, Ohio, on a note and warrant of attorney executed by both of the appellants and payable in Ohio. The note was dated Sidney, Ohio, November 9, 1892, for $1637.98, payable eighteen months after date. The warrant for confession of judgment authorized any attorney at law to appear, after the note became due, for the signers, or either of them, in any court of record in the State and confess judgment. Several payments of interest were endorsed, the last one being January 1, 1897. John W. Loree confessed judgment on said note, as attorney for said defendants, on January 2, 1905. Appellant Anna M. Forsyth testified that she was and had been the wife of Joseph E. Forsyth, the other appellant, since their marriage, in 1876; that she did not know and had never heard of John W. Loree; that she had never communicated with him, either directly or indirectly, in speech or writing.

Trial was had before the court with a jury. Appellants moved at the close of the plaintiff's testimony, and again at the close of all the evidence, to instruct the jury to find in favor of each defendant, separate motions being offered for each, with appropriate instructions. The motions were overruled, and on motion of appellee the court instructed the jury, in writing, to find the issues in appellee's favor in the amount of $2558.10 for the debt and $117.55 for damages, and the jury thereupon returned a verdict for these amounts. Motions for new trial and in arrest of judgment were overruled and an appeal taken to the Appellate Court. That court affirmed the judgment of the lower court, and this appeal was thereupon prayed.

ROSENTHAL· & HAMILL, and CHARLES GOODMAN, for appellants:

The note and warrant of attorney appearing to have been executed in Ohio and the note being payable in that State, all questions regarding their validity and the capacity of the makers to execute them are determined by the laws of Ohio. *Pope* v. *Hanke,* 52 Ill. App. 453; *Evans* v. *Anderson,* 78 Ill. 558; *Anstedt* v. *Sutter,* 30 id. 164; *Milliken* v. *Pratt,* 125 Mass. 374; *Nichols & Shepard Co.* v. *Marshall,* 108 Iowa, 518; *Nixon* v. *Halley,* 78 Ill. 611; Story on Conflict of Laws, (7th ed.) sec. 103; 1 Wharton on Conflict of Laws, (3d ed.) sec. 118.

The courts of Illinois do not take judicial notice of the laws of any other State, and in the absence of proof to the contrary the presumption must be indulged that the common law is in force in Ohio. *Tinkler* v. *Cox,* 68 Ill. 119; *Dalton* v. *Taliaferro,* 101 Ill. App. 592; *Schlee* v. *Guckenheimer,* 179 id. 593.

At common law the contract of a married woman is void. *Taylor* v. *Boardman,* 92 Ill. 566; *Thomas* v. *Lowy,* 60 id. 512; *McLean* v. *Griswold,* 22 id. 218; *Garretson* v. *Strawn,* 54 id. 402; *Caldwell* v. *Walters,* 18 Pa. St. 79; *Graham* v. *Long,* 65 id. 383.

The warrant of attorney executed by the appellant Anna M. Forsyth being void, the Ohio court acquired no jurisdiction over her, and its judgment, as to her, was void. *White* v. *Jones,* 38 Ill. 159; *Bannon* v. *People,* 1 Ill. App. 496; *Baldwin* v. *Freydendall,* 10 id. 106; *Dorrance* v. *Scott,* 3 Whart. 309; *Higgins* v. *Peltzer,* 49 Mo. 152; *Griffith* v. *Clarke,* 18 Md. 457; *Cary* v. *Dixon,* 51 Miss. 593.

Where a court has no jurisdiction over the person of a defendant its judgment against that defendant will be an absolute nullity, and it may be attacked at any time and in any proceeding. *Swift* v. *Allen,* 55 Ill. 303; *People* v. *Seelye,* 146 id. 189; *Dickey* v. *Chicago,* 152 id. 468; *Demilly* v. *Grosrenaud,* 201 id. 272; *Field* v. *Field,* 215 id. 496.

The constitutional provision that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State, does not prevent an inquiry into the jurisdiction of the court which rendered the judgment sued upon and offered in evidence. *Thompson* v. *Whitman,* 18 Wall. 457; *Simmons* v. *Saul,* 138 U. S. 439; *Reynolds* v. *Stockton,* 140 id. 254; *Bank* v. *Wiley,* 195 id. 257; *Olson* v. *Fireproofing Co.* 116 Ill. App. 573; *Field* v. *Field,* 215 Ill. 496.

JOHN W. CREEKMUR, and RUFUS COPE, for appellee:

The record of a judgment is presumptive evidence of its own validity and of the authority of the court to act. *Famous Manf. Co.* v. *Wilcox,* 180 Ill. 249; *Thompson* v. *Emmett,* 15 id. 415; *Whittaker* v. *Murray,* 15 id. 293; *Gillen* v. *Ellison,* 13 Ohio, 447.

A court will take judicial notice of important historical facts and of those things that are matters of common knowledge. *McCoy* v. *World's Columbian Exposition,* 186 Ill. 356; *Harmon* v. *Chicago,* 110 id. 400; *People* v. *Maxwell,* 84 N. Y. S. 947; *DeCeles* v. *United States,* 13 Ct. Cl. 117; *Cross* v. *Sabin,* 13 Fed. Rep. 308; *Humphrey* v. *Burnside,* 67 Ky. 218.

While courts, in the absence of proof, in many cases have entertained the presumption that the common law was in force in a sister State, in very many cases courts have adopted the presumption that the law of a sister State was the same as the law of the forum. *Worthington* v. *Hanna,* 23 Mich. 530; *Rape* v. *Heaton,* 9 Wis. 329; *Walsh* v. *Dart,* 12 id. 635; *Juilliard & Co.* v. *May,* 130 Ill. 97; *Strauss* v. *Bank,* 72 Ill. App. 318; *Drago* v. *Graham,* 9 Ind. 212.

There is a presumption in favor of the validity of a contract made in a sister State and not in conflict with the law of Illinois that can be overcome only by proof to the contrary. No presumption will be entertained that invalidates such a contract. *Hakes* v. *Bank,* 164 Ill. 274; *Chumasero*

v. *Gilbert,* 24 id. 293; *Roosa* v. *Crist,* 17 id. 293; *Miller* v. *Wilson,* 146 id. 523; *Strauss* v. *Bank,* 72 Ill. App. 318; *Juilliard & Co.* v. *May,* 130 Ill. 87.

In an action on a judgment rendered in a sister State, judicial notice will be taken of the laws of that State so far as necessary to ascertain the faith and credit to be given to the judgment. *Rae* v. *Hulbert,* 17 Ill. 572; *Rendleman* v. *Rendleman,* 118 id. 257; *VanMatre* v. *Sankey,* 148 id. 537; *Hull* v. *Webb,* 78 Ill. App. 617; *Welsh* v. *Sykes,* 3 Gilm. 119.

A judgment against a married woman who is subject to the disability of coverture is not void but voidable only, and she must make her defense as any other defendant. *Work* v. *Cowhick,* 81 Ill. 319; *Vick* v. *Pope,* 81 N. C. 22; *Glove* v. *Moon,* 60 Ga. 189; *Washburn* v. *George,* 61 id. 512; *Burke* v. *Hill,* 55 Ind. 419.

The want of ability to contract is a personal disability affecting *feme coverts* domiciled within the jurisdiction of the laws of the State by which such disability is attached to coverture. The operation of such law is limited to contracts made within the State of the domicile of the party. *Gardner* v. *Poydras,* 13 La. 79; *Hill* v. *Bank,* 45 N. H. 300; *Armstrong* v. *Best,* 112 N. C. 59.

Mr. JUSTICE CARTER delivered the opinion of the court:

The record does not disclose where appellants resided when the note was executed, but the fact that the note was dated at Sidney, Ohio, and payable at the German-American Bank of that city, would indicate that the contract was made and to be performed in Ohio. In view of the fact that appellants were sued in Cook county and there is nothing in the record to indicate that their domicile is elsewhere, it must be presumed that Cook county is the domicile of Anna M. Forsyth. The general rule of law is, that as between the law of the place where a contract is made and of the place where the married woman is domiciled, her capacity

to make a contract is governed by the former and not by the latter. (1 Wharton on Conflict of Laws,—3d ed.— sec. 118.) The note and warrant of attorney appearing from this record to have been executed in Ohio and payable there, questions regarding their validity and the capacity of the makers to make them must be determined by the laws of that State. *Evans* v. *Anderson*, 78 Ill. 558; *Nixon* v. *Halley*, 78 id. 611; *Abt* v. *American Trust and Savings Bank*, 159 id. 467; *Milliken* v. *Pratt*, 125 Mass. 311; Story on Conflict of Laws, (7th ed.) 103; 22 Am. & Eng. Ency. of Law, (2d ed.) p. 1322, and cases there cited.

While the coverture of appellant Anna M. Forsyth was not specifically put in issue under the pleadings, yet the evidence of that fact was properly admissible under the plea of *nul tiel record*. *Streeter* v. *Streeter*, 43 Ill. 155; *Thomas* v. *Lowy*, 60 id. 512; *Culver* v. *Johnson*, 90 id. 91.

Appellants contend that appellee's cause of action being based upon the note and power of attorney executed in Ohio, he must rely upon the law of that State to maintain his suit, and that as the record fails to disclose any reference, either in the pleadings or the evidence, to any particular law of Ohio governing this case, it must be assumed that the common law prevails there as to the right to enter judgment by confession against a married woman under a power of attorney executed by her during her coverture. This court, in *Crouch* v. *Hall*, 15 Ill. 263, said (p. 265): "As a general principle, courts will not take judicial notice of the laws of another country, but they must be alleged and proved as facts. Especially is this the case as to the statutes and local usages of such country. But the rule is not without qualification. In the absence of all proof to the contrary, the common law is presumed to prevail in the States of the Union. On a common law question the courts of one State will assume that the common law is in force in a sister State." This court reiterated this doctrine in *Tinkler* v. *Cox*, 68 Ill. 119, and *Schlee* v. *Guckenheimer*,

179 id. 593, and in this last case we said (p. 596) : "Courts do not, as a rule, take judicial notice of the laws of another State or country, and their statutes or local usages must be averred and proven where relied on to aid in sustaining a cause of action or defense in this State. Such is not the rule, however, in reference to the common law, which, in the absence of proof to the contrary, will be presumed to prevail in the States of the Union. On a common law question, therefore, the courts of one State will assume that the common law is in force in a sister State, unless proof to the contrary is made." In *Hogue* v. *Steel*, 207 Ill. 340, where the court had under consideration the conveyance of certain property in the State of Ohio, the marriage being assumed to have taken place in 1851 and the conveyance in 1872, this court said (p. 344) : "There being no proof to the contrary, we are to assume the common law prevailed in the State of Ohio during the period from 1851 to 1872." Again, in *Scholten* v. *Barber,* 217 Ill. 148, it was stated that on a common law question the common law would be assumed to be in force in another State, "unless the contrary is shown by averment and proof."

We find nothing in any of the Illinois decisions cited by appellee that conflicts with the doctrine laid down in the foregoing cases. In *Roosa* v. *Crist*, 17 Ill. 450, *Chumasero* v. *Gilbert*, 24 id. 651, *Miller* v. *Wilson*, 146 id. 523, *Hakes* v. *Bank of Terre Haute*, 164 id. 273, and *Shannon* v. *Wolf*, 173 id. 253, the court simply laid down the general doctrine that to recover or defend under a foreign law that law must be pleaded and proved. The question as to whether the common law would be presumed to prevail in case no particular statute was proven did not enter into the discussion. In *Juilliard & Co.* v. *May*, 130 Ill. 87, the court said that in the absence of any allegation or proof of a statute it must be presumed either that the common law obtained in New York, or else that the laws of that State are similar to the laws that prevail in this State, but held that whichever pre-

sumption governed the result in the case there at issue would be the same as to appellant, and therefore did not attempt to decide which should control. After a consideration of all these decisions we are constrained to hold that on a common law question it must be assumed that the common law is in force in a sister State unless the contrary is averred and proved.

At common law the contracts of a *feme covert* are absolutely void and not simply voidable. Disabilities in this respect cannot be overcome by any form of acknowledgment or mode of execution or by uniting with her husband. (15 Am. & Eng. Ency. of Law,—2d ed.—p. 790, and cases there cited.)

Appellants contend that assuming, as we must, that the common law was in force in Ohio at the time the confession of judgment was entered, that judgment being entered upon a void contract must also be void. Appellee insists that the provision of the Federal constitution which requires that full faith and credit shall be given in each State to the judicial proceedings of every other State, and the act of Congress passed in pursuance of this provision, prevent any inquiry into the jurisdiction of the court by which the judgment offered in evidence was rendered. In *Thompson* v. *Whitman,* 18 Wall. 457, the United States Supreme Court held that the record of a judgment rendered in another State might be contradicted as to the facts necessary to give the court jurisdiction, and if it be shown that such facts did not exist the record will be a nullity, notwithstanding it may recite that they did exist; that want of jurisdiction may be shown either as to the subject matter or the person. This doctrine has been adhered to by that court since that decision was handed down. (*Simmons* v. *Saul,* 138 U. S. 439; *Reynolds* v. *Stockton,* 140 id. 254; *National Exchange Bank* v. *Wiley,* 195 id. 257.) In *Field* v. *Field,* 215 Ill. 496, we held that the courts of this State may inquire into proceedings, judgments or decrees of a sister State to de-

termine whether that court had jurisdiction of the subject matter or of the parties, and a decree of divorce entered in Nebraska was held void in that case on the showing that Field went to that State for the express purpose of securing a divorce, and by so doing practiced a fraud upon the court by stating that he did not know his wife's actual place of residence, when, in fact, he did know it. To the same effect are *Gilman* v. *Gilman*, 126 Mass. 26; and *Pennywit* v. *Foot*, 27 Ohio St. 600. Manifestly, under these decisions the constitutional provision as to full faith and credit being given to the judicial proceedings of another State does not prevent an inquiry into the jurisdiction of the court which rendered the judgment, nor does a recital of the jurisdictional facts in the record of such foreign judgment render the judgment conclusive in a suit in another State.

The decisions in this country are not in entire harmony as to the binding effect of a judgment against a married woman entered against her on a void contract. Some courts have held that a married woman being exempt from the force of an agreement could not be bound by a judgment based on that agreement, while others have held that the defense of coverture, under such circumstances, must be made before judgment is entered, and that after it is entered such judgment is not void but only voidable, and hence can only be attacked in direct proceedings, and not collaterally. If by common law such a confession of judgment under a warrant of attorney based upon a void contract is also void then we must so hold here, but if by common law, after such a void contract was merged, such judgment was merely voidable and not void, the common law rule must control, regardless of the decisions of this or any other State. In considering the decisions of the various States on this question it must be borne in mind that in the great majority the question as to what the common law was did not enter into the discussion. From a discussion on this subject by Justice Field in *Norton* v. *Meader,*

4 Saw. 603, it is clear that in his opinion under the common law such judgments entered against the wife during coverture were absolutely void. The tendency under recent statutes and modern practice has been steadily in the direction of holding that a judgment against a person under the disability of coverture or infancy is not absolutely void, although it may be voidable. (23 Cyc. 1072; see, also, 1 Freeman on Judgments,—4th ed.—sec. 150; 1 Daniell's Ch. Pl. & Pr.—5th ed.—p. 176, and note; Bigelow on Estoppel,—4th ed.—p. 160; Schouler on Husband and Wife,— ed. 1882,—sec. 289, and note 5; 2 Bishop on Law of Married Women,—ed. 1875,—sec. 380.) However, the inference from the above authorities seems to be that under the common law judgments against married women were ordinarily void, and not merely voidable. This precise question, so far as we are aware, has never been ruled upon by this court. We held in *McLean* v. *Griswold*, 22 Ill. 218, that a contract entered into by a woman during coverture is not merely voidable but absolutely void; that being void she occupies to it the relation of a stranger to the agreement, and is no more liable to be sued upon it than any stranger to it. *Taylor* v. *Boardman*, 92 Ill. 566, *Thomas* v. *Lowy*, 60 id. 512, and *Garretson* v. *Strawn*, 54 id. 402, tend to uphold the same conclusion.

In most of the cases cited where this question has been discussed the judgment was not entered by confession, but only after due notice to the married woman in the case itself. On principle it might well be urged that there is a plain distinction between a judgment entered by confession under a power of attorney where the married woman has no actual notice after she signs the note with the power of attorney attached, and a judgment entered on an ordinary note or contract after notice of the actual proceedings has been given to the married woman. In the latter case she can appear and plead coverture if she desires, and then, under the common law, the plea must be upheld, while in

the first case she has no such opportunity and may never know of the judgment until long after it is entered. At common law a married woman had no power to make a confession of judgment or to execute a warrant of attorney to confess judgment. (17 Am. & Eng. Ency. of Law,— 2d ed.—p. 766, and cases cited; 21 Cyc. 1575, and cases cited.) If the contract is such as a married woman is incapacitated to enter into, her confession of judgment under the contract is a nullity. Her capacity to confess judgment depends upon and is co-existent with her capacity to contract. (30 Am. & Eng. Ency. of Law,—2d ed.—p. 107, and cases there cited.) In *White* v. *Jones*, 38 Ill. 159, where an attorney in fact confessed judgment prematurely against certain persons under power of attorney, this court said (p. 163): "The confession being unauthorized at the time it was made, the question arises whether it was merely erroneous or absolutely void. As a rule of general, if not uniform, application, a judgment is void for all purposes unless the court had jurisdiction of the person of the defendant and of the subject matter of the suit. And jurisdiction is acquired by the actual service of process notifying the party to appear, by constructive notice to appear, as by publication, or by an entry of his appearance by himself in person or by attorney. In the last case the authority of the attorney to enter his appearance may be contested by the defendant, and if he shows a want of authority it defeats the jurisdiction of the court. * * * For the want of authority there was no appearance and consequently no jurisdiction, and the judgment was void and all subsequent proceedings under it were invalid and conferred no rights upon the plaintiff in that judgment." In *Bruschke* v. *Nord Chicago Schuetzen Verein*, 145 Ill. 433, we held (p. 447): "Where an attorney entering the appearance of a defendant does so without authority, the judgment or decree based upon such act is void and may be collaterally attacked." In *Gardner* v. *Bunn*, 132 Ill. 403, it is stated

that a judgment entered by confession by the clerk of the court in vacation, where no affidavit proving the execution of the power of attorney was filed with it, was absolutely void, and there was no jurisdiction over the person of the defendant. In *People* v. *Seelye,* 146 Ill. 189, it was held that if a court has proceeded without jurisdiction, either of the person or the subject matter, "its judgment is void to every intent and for every purpose, and it must be so declared in every court in which it is presented." *Payson* v. *People,* 175 Ill. 267; *Demilly* v. *Grosrenaud,* 201 id. 272; 23 Cyc. 1070; 24 Am. & Eng. Ency. of Law,—2d ed.— p. 718.

Manifestly, at common law, by the great weight of authority, a confession of judgment on a warrant of attorney executed by a woman during coverture is void as to her and can be attacked either directly or collaterally. This being so, assuming, as we must, that the common law is in force in Ohio, it must be held that the judgment against appellant Anna M. Forsyth in the court of common pleas in that State was void, and the trial court in this State improperly instructed the jury to return a verdict against her, based solely on the transcript of the judgment record of the Ohio court. The Ohio judgment being void as to the wife, Anna M. Forsyth, the judgment of the superior court was also erroneous as to her husband, Joseph E. Forsyth. *Williams* v. *Chalfant,* 82 Ill. 218; *Claflin* v. *Dunne,* 129 id. 241; *Knights of Honor* v. *Goldberger,* 175 id. 19; *Page* v. *DeLeuw,* 58 id. 85.

For the reasons indicated in the foregoing opinion, the judgments of the Appellate Court and superior court will be reversed and the cause remanded to the superior court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*