## William A. Robinson, Appellant, v. Thomas B. Yetter, Appellee.

1. EVIDENCE—*how common law of sister state may be established.* Common law of a sister state may be shown by testimony of witnesses learned in the law or by the books of reports of adjudged cases accredited in that state.

2. PRESUMPTIONS—*as to law of sister state.* The presumption is that the common law prevails in a sister state but this presumption is not overcome by testimony of lawyers practicing in such state which is in part uncertain and which is unsupported by the citation of corroborative decisions.

3. CONTRACTS—*what not essential to valid rescission of agreement for purchase of real estate.* The rescission of a contract for the purchase of real estate is valid, notwithstanding a fatal defect of title, upon which such rescission is predicated, is not pointed out by the vendee to the vendor, inasmuch as such vendor is presumed to know the law, and is therefore bound to be apprised of such fatal defect of title.

4. APPEALS AND ERRORS—*effect of incomplete abstract.* Matters relied upon on review and not contained in the abstract filed pursuant to rule, will not be considered by the court.

Replevin. Appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed June 11, 1908.

BERRY, McCRORY & KELLEY and WILLIAM H. HART-ZELL, for appellant.

D. E. MACK and A. W. O'HARRA, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of replevin by William A. Robinson against Thomas B. Yetter and Earl Yetter for the recovery of a stock of merchandise which the declaration alleges said defendants took from the plaintiff and unjustly detained. The defendants filed pleas of *non cepit, non detinet,* property in the defendants severally and property in the defendants jointly. The suit was afterward dismissed as to Earl Yetter. A verdict was

returned finding the ownership and right to possession of the property to be in the plaintiff, judgment was entered upon such verdict and a writ of *retorno habendo* awarded.

The facts involved so far as it is necessary to state them are substantially as following: Appellee resided at Fountain Green, Hancock county, Illinois, where he was engaged in the retail merchandise business. He desired to exchange his stock of merchandise and certain real estate in Fountain Green for farm property. Appellant, who lived in Iowa, had a farm in Monroe county, Missouri, which he was willing to exchange for property of the character owned by appellee. After some negotiations they, on March 16, 1904, entered into a written contract, by the terms of which appellant agreed to sell and convey, and appellee agreed to purchase the farm lands in question for the sum of $18,000, to be paid at the time and in the manner following: $12,250 on the execution and delivery of the contract, to be paid by the conveyance to appellant by appellee of his stock of goods and real estate in Fountain Green; by the assumption by appellee of an encumbrance upon the farm land of $5,500; and the payment of $250 in cash on or before April 1, 1904. The contract provided that upon the receipt of the final payment as above stated, appellant should execute and deliver to appellee a good and sufficient warranty deed conveying a merchantable title to the premises, and furnish an abstract of title showing the same; and further that in case any material defects in title appeared, appellant should have a reasonable time to clear the title and if such defects could be removed and the title made good by a proceeding in court, then he should have the opportunity and option to bring and prosecute such suit before the sale should be void.

After the contract had been signed, the question as to when appellant should have possession of the stock of merchandise was discussed. Appellant claims that a verbal agreement was then made that the title and

possession of the same was to pass at that time, while appellee claims that title and possession was not to pass until April 1, 1904. On the following day, the parties returned to Fountain Green. The evidence as to what then occurred is conflicting. Appellant claims that he was given possession of the stock, and by himself or his agent Cooper conducted the business for about two weeks and until appellee, in his absence, re-took possession; while appellee claims that he at all times continued in possession. On April 9, 1904, appellant tendered to appellee a warranty deed signed and acknowledged by himself and wife conveying to appellee the Missouri land, together with an abstract of title to the land showing upon its face a merchantable title thereto to be in appellant. At the same time he caused to be served upon appellee a demand in writing that he comply with the contract on his part. Appellee refused to accept the deed and abstract, or to comply with the contract, whereupon appellant, on April 12, 1904, instituted the present suit.

Numerous questions are presented by the assignments of error and argued by counsel. In the view we take of the case the only one necessary to consider is whether appellee at the time of the signing and delivery of the contract in question or thereafter, prior to the institution of the present suit, acquired the legal title to the Missouri land and was thus able to perform the contract on his part. Under its terms appellant became bound to execute and deliver to appellee a good and sufficient warranty deed conveying a merchantable title to the Missouri lands and to furnish an abstract showing such degree of title. The only title he claimed to have had was derived through a warranty deed executed by Kate Herman and husband which came into his possession under the following circumstances: On March 24, 1904, the Hermans, the then owners of the land, pursuant to a contract theretofore made between them and one Cooper, for whom appellant was acting as agent, executed and acknowledged the deed in ques-

tion without the name of a grantee or the amount of the consideration being inserted therein, and delivered the same to appellant who then gave the Hermans his personal check for the purchase price agreed upon. Several days after the contract now involved was executed, appellant inserted in the deed his own name as grantee and the sum paid by him as the consideration. It is admitted by appellant that an instrument of this character is invalid and inoperative to convey title under the laws of Illinois, where the common law prevails, but he maintains that the laws of Missouri, where the land is located, must control, and that under said latter law, the deed was valid. Appellee does not controvert the latter proposition but insists that the record fails to show that a deed so executed is valid under the laws of Missouri.

The common law of a sister state may be shown by testimony of witnesses learned in the law, or by the books of reports of adjudged cases accredited in that state. At common law as interpreted by the courts of Illinois, a deed of the character in question is invalid and inoperative to convey title. In the absence of proof to the contrary, the presumption is that the common law prevails in the State of Missouri. Forsyth v. Barnes, 228 Ill. 326. To overcome such presumption appellant offered the testimony of Messrs. Williams and Humphrey, practicing attorneys in the State of Missouri. Mr. Williams upon his direct examination testified that in his opinion, based upon mere deduction from the trend of the decisions of the courts of Missouri, a deed of the character in question was valid under the law of that state. He further stated that the precise question had never been decided by the Missouri courts, and that it was one upon which good lawyers might honestly differ. Mr. Humphrey testified that in his opinion there was no question but that under the law of Missouri such a deed would be valid. On cross-examination he further stated that the common law prevailed in that state except where changed,

abrogated or modified by statute, and that there was no statute there in force controlling the question. To further sustain his contention appellant introduced in evidence a number of decisions of the Supreme Court of Missouri. Inasmuch as the same are not shown by the abstract, we shall not consider them. The foregoing evidence is insufficient in our opinion to establish the validity of the deed. It shows not only that the common law prevails in Missouri and the absence of statutory enactment affecting instruments of this character, but also that the courts of Missouri had as yet failed to construe the common law relative to the subject as it prevails in that state.

The contention of appellant that even though at the time the deed and abstract of title were tendered, the deed from Hermans to appellant was inoperative and void for the reasons stated, under the clause in the contract above quoted, appellee should have pointed out the defect to appellant, and given him an opportunity either to have procured another deed or to have confirmed the title by a proceeding in equity, is without merit. Appellant is presumed to have known the law, and was therefore well aware that he had derived no legal title to the land through the deed in question. No necessity existed therefore for advising him of what must be held to have been already known. Furthermore, the defects contemplated by the clause referred to, were manifestly such as would not appear upon the face of an abstract of title, and it is obvious that the invalidity of the deed and the consequent want of title in appellant was not apparent from the one presented.

We therefore conclude that neither at the time of the tender of the deed and abstract of title to appellant, nor the commencement of the present suit, was appellant able to perform the agreement on his part. If appellant ever at any time had possession of the stock of merchandise, such possession must have been delivered upon the condition that he would fully com-

ply with the contract on his part at the proper time, and as he failed so to do appellee had the right to retake and retain possession of the same. The question as to previous possession of the goods, therefore becomes immaterial to be determined. Inasmuch as at the time of the issuance of the writ of replevin, appellant had neither the title to nor the right of possession of the property in controversy, the judgment of the Circuit Court was warranted and the same will be affirmed.

*Affirmed.*